Argued October 31, reversed December 5, 1951

ALERY *v.* ALERY, Jʀ., ᴇᴛ ᴜx.

238 P. 2d 769

*Austin Dunn,* of Baker, argued the cause for appellant. With him on the brief was Carl G. Helm, Jr., of La Grande.

*Charles R. Cater,* of La Grande, argued the cause and filed a brief for respondents.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE, WARNER and TOOZE, Justices.

LATOURETTE, J.

On June 12, 1950, plaintiff, Marie Alery, brought an action in replevin against the two defendants, John Alery, Jr., and Madeline Alery, to recover certain personal property, or the sum of $2,500, the value thereof, in case delivery could not be had, and for damages in the sum of $1,000 for the withholding of such personal property.

It is alleged in the complaint, inter alia, that plaintiff is the owner, and entitled to the possession, of the described personal property, that defendants are in possession of the same, and that, although plaintiff demanded of defendants possession of said property, they failed and refused, and still fail and refuse, to deliver possession of the same to plaintiff.

After certain proceedings were had, on motion of defendants, the court made John Alery, Sr., husband of plaintiff and father of defendant, John Alery, Jr., a party-defendant, but the record fails to show that he was ever served with any papers in the case or made any appearance therein.

On December 12, 1950, without leave of court, defendants filed their second amended answer in which they deny the above allegations. They then set up what they designate as a further and separate answer and defense and counterclaim, the material portions being

that they are the owners, and entitled to possession, of all of the personal property described in plaintiff's complaint, except a violin which is the property of Diane Alery, defendants' daughter, and to which they allege that she (the daughter) is entitled to possession. It is further alleged that plaintiff and her husband, John Alery, Sr., gave the personal property involved (other than the violin) to them, and, pursuant to such gift, they took possession of said property and have at all times been in possession of the same.

In their counterclaim defendants urge that a certain .275 Magnum rifle belonging to them was unlawfully in the possession of plaintiff, and that they, the defendants, are entitled to possession of the same. No reply was ever filed to defendants' second further answer and counterclaim, although one was tendered to the clerk, which the court refused to permit to be filed.

■ As to the separate answer and defense that defendants were the owners of the personal property involved and defendants' daughter was the owner of the violin, such defense contained no new matter as such ownership could have been proved under the general denial. In 4 Bancroft's Code Pleading, Replevin, 4056, § 2265, we find:

"A general denial puts in issue every fact stated in the complaint and necessary to support the cause of action, including the plaintiff's alleged title and right of possession. Consequently under it any evidence is admissible which tends to show title or right of possession in defendant or a third person."

We quote from 41 Am Jur, Pleading, 402, § 156:

" * * * If what is alleged amounts to a denial, it is not new matter; nor is it new matter if the facts alleged might have been proved under a denial."

See *Larsen v. Duke,* 116 Or 25, 240 P 227; *Hubbard v. Olsen-Roe Transfer Co.,* 110 Or 618, 626, 224 P 636; *Welch v. Johnson,* 93 Or 591, 183 P 776, 184 P 280; *Kabat v. Moore,* 48 Or 191, 195, 85 P 506, *Stephens v. Conley,* 48 Mont 352, 138 P 189; *Watkinds v. Southern Pac. R. Co.,* 38 F 711 (D. C. of Oregon).

■■ The alleged counterclaim relating to the Magnum rifle was an improper counterclaim under § 1-712, OCLA. See *McCargar et al. v. Wiley,* 112 Or 215, 229 P 665. Since a reply was unnecessary and there remained an issue as to the right to the possession of the personal property involved, the court erred in entering judgment on the pleadings. Reversed.