Argued October 26, reversed in ejectment proceeding; affirmed in replevin action November 24, 1954, petition for rehearing denied January 5, 1955

ALERY *v.* ALERY, JR. ET UX.
277 P. 2d 764

*Austin Dunn,* Baker, argued the cause for appellant.

On the brief were Dunn and Jackson, Baker.

*Charles F. Luce,* Walla Walla, Wash., argued the cause for respondents. With him on the brief was Charles R. Cater, La Grande.

Before LATOURETTE, Chief Justice, and WARNER, LUSK, BRAND and TOOZE, Justices.

LATOURETTE, C. J.

This is the second time this matter has been before the court. See *Alery v. Alery,* 193 Or. 332, 238 P2d 769 and 193 Or 336, 238 P2d 771.

Plaintiff Marie Alery filed an ejectment action against her stepson John Alery, Jr., and his wife to recover possession of real property in La Grande. She also filed a replevin action to recover certain personal property located on said premises. In the ejectment action defendants counterclaimed claiming title to the real property pursuant to an alleged oral contract made by plaintiff and her husband John Alery, Sr., to make a gift of the property to them. In the replevin action defendants claimed that the personal property was given to them outright. The two cases were tried concurrently before the court by stipulation of the parties, it being agreed that separate judgments should be entered.

## EJECTMENT.

John Alery, Sr., and his wife Marie held title to the real property in question by the entireties. Subsequently he conveyed his interest to his wife, the plaintiff. John, Sr., conducted a gun shop in the garage of his small house on the premises involved. In the fall of 1948 John, Sr., and Marie went to Merrill, Wisconsin, for a visit, where his son John, Jr., wife and three children resided in the home of John, Jr.'s mother, the ex-wife of John, Sr. The father had not seen his son for a period of over 15 years. While in Merrill he became sick and was taken to the hospital where his son called on him. It is claimed that while in the hospital John, Sr., and his wife Marie importuned the defendants to leave Wisconsin and come to Oregon and take over the real property, its contents and gun

shop with a promise that if they would do so plaintiff and John, Sr., would give to defendants the real and personal property in question. At that time the son was engaged as a bartender in Merrill and at odd times conducted a gun shop of his own. He was in debt some $1,200.00 which his father paid and advanced him $300.00 for traveling expenses to Oregon. It is claimed that the reason the father made such offer was "that plaintiff John Alery was very sick and it would give him an incentive to live." Defendants aver that they accepted such offer, pulled up stakes and moved to La Grande, took possession of the property and made valuable improvements thereon. About two months later the father and stepmother came back to La Grande and resumed their habitancy in their home where all parties resided until 1949, when the father and stepmother moved out, leaving the children in possession of the property. The evidence discloses that the move was occasioned by family squabbles. Shortly thereafter demand was made on defendants for the property whereupon they claimed title by reason of the alleged promise to make a gift aforesaid. Thereupon the ejectment and replevin actions were instituted.

Since the alleged contract was oral the statute of frauds, ORS 93.020 (§ 2-905 OCLA), is applicable. Defendants, however, rely in their answer on the doctrine of performance to take the case out of the statute claiming that they fully complied with the alleged agreement, took possession of the property pursuant thereto and made valuable improvements thereon.

Assuming in the instant case that there was sufficient evidence of the existence of the contract and possession on the part of defendants the question of valuable improvements becomes important. The evidence on this point is that certain improvements were

made in the garage, where the gun shop was located, of the value of $300.00. The father advanced the money for the materials that went into the improvements and paid for the labor incident thereto other than that performed by the son. At the hearing before us it was practically conceded by counsel for defendants that the improvements were negligible, with which we agree. The following colloquy occurred:

"The Court: What is your idea about the son making any improvements there?

"Mr. Luce: We do not rely on the son having made any improvements, Your Honor.

\* \* \* \* \*

"The Court: Do you have authority to sustain your theory?

"Mr. Luce: Yes, sir, out of La Grande, the Tiggelbeck case, which is cited in our brief."

■■ The rule of law in a case of this character where the relationship of affinity or consanguinity exists between the parties is found in *Barrett v. Schleich,* 37 Or 613, 617, 62 P 792, wherein we said:

" \* \* \* When no relation of affinity or consanguinity exists between the vendor and vendee, possession of land under a parol agreement, with the consent of the vendor, is a sufficient part performance to take the case out of the statute of frauds, even without the payment of a consideration or the making of valuable improvements: Pomeroy, Spec. Perf. § 115. But, where the parties are related, possession alone is insufficient for that purpose, and the making of valuable improvements by the donee in possession is essential to establish his right to enforce the specific performance of a parol gift of land: Pomeroy, Spec. Perf. § 130. \* \* \* "

See also *Stalker v. Stalker,* 78 Or 291, 153 P 52; *Goff v. Kelsey,* 78 Or 337, 153 P 103; *Holohan v. McCarthy,* 130 Or 577, 281 P 178.

■ *Tiggelbeck v. Russell,* 187 Or 554, 213 P2d 156, is not authority for the proposition contended for. That was a case where personal services were performed by the promisee as consideration for the promise by the promisor, in which circumstance a different rule would apply. In the instant case defendants did nothing for the benefit of the father and stepmother other than perhaps give the father ''an incentive to live.''

■ Defendants having failed to establish that valuable improvements were made on the premises involved, the court erred in entering a decree in their favor.

## REPLEVIN.

■■ The trial court tried this phase of the case as an action at law without a jury. Defendants claimed an outright gift of the personal property. The trial court made findings in favor of the defendants. Plaintiff asserts that there was no substantial evidence to support the gift. We find that there was substantial evidence to sustain the findings of the court and consonant judgment in favor of defendants. Under such circumstances we are powerless to disturb the findings. The judgment is affirmed.

■ Defendants are entitled as a matter of course to their costs in the replevin action, but since both causes were tried concurrently in one proceeding and a greater portion of the testimony at the trial and the transcript of testimony, abstract and briefs in this court were taken up in the presentation of defendants' equitable defense, plaintiff is awarded two-thirds of her costs and disbursements incurred in both courts.