ESTATE OF WESLEY E. SMITH et al,
*Respondents,*

*v.*

WARE,
*Appellant.*

(16-85-08831; CA A46218)

760 P2d 896

K. Patrick Neill, Eugene, argued the cause for appellant. With him on the briefs was Hershner, Hunter, Moulton, Andrews & Neill, Eugene.

Jim Caher, Eugene, argued the cause for respondents. On the brief were Donald K. Armstrong and Armstrong, McCullen, Percy & Philpott, Eugene.

Before Warden, Presiding Judge, and Deits and Graber, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant, as the prevailing party in an action for fraud and unlawful trade practices, appeals from the trial court's award of attorney fees. He contends that the court erred in determining that he could recover only those fees incurred in defending the unlawful trade practices claim that were not also necessary to the defense of the fraud claim. We reverse and remand.

Plaintiffs brought this action for damages resulting from an alleged misrepresentation regarding the existence of a septic tank on property that they purchased from defendant. Their complaint stated claims for fraud and unlawful trade practices and sought identical damages under both claims as well as reasonable attorney fees under the Unlawful Trade Practices Act claim. Defendant denied the allegations and sought attorney fees under ORS 646.638(3), on the basis that plaintiffs' unlawful trade practices claim was frivolous.[1] Defendant prevailed on both of plaintiffs' claims and sought attorney fees, costs and disbursements of $15,609, the total incurred in defending against both claims. Plaintiffs objected on the ground that, as a matter of law, defendant was entitled only to fees for services in defending the unlawful trade practices claim that were not also necessary for defense of the fraud claim, in the amount of $2,000. The trial court ruled:

> "Therefore, it's my interpretation of the law that only the incremental amount, or, to put it another way, that amount necessitated by the particular legal theory that authorizes attorney's fees is the amount that should be awarded.
>
> "* * * * *
>
> "Obviously I am not ruling on the reasonableness of the total bill, and there's nothing before me to lead me to conclude that the total bill is unreasonable. But I'm only awarding what I think I'm allowed to under Oregon law."

The trial court awarded defendant $2,000 in attorney fees.

On appeal, defendant contends that the trial court

---

[1] ORS 646.638(3) provides:

"In any action brought by a person under this section, the court may award, in addition to the relief provided in this section, reasonable attorney fees at trial and on appeal and costs. If the defendant prevails, the court may award reasonable attorney fees at trial and on appeal and costs if it finds the action to be frivolous."

erred in holding that it had no authority to award any portion of the fees incurred in defending the unlawful trade practices claim that were related to the defense of the fraud claim. We have found no Oregon case directly in point. Plaintiffs rely on *Alery v. Alery, Jr., et ux,* 203 Or 101, 277 P2d 764 (1955), which involved ejectment and replevin. There the defendants prevailed on both claims at trial, and the Supreme Court affirmed the judgment on the replevin claim, reversed on the ejectment claim and held:

> "Defendants are entitled as a matter of course to their costs in the replevin action, but since both causes were tried concurrently in one proceeding and a greater portion of the testimony at the trial and the transcript of testimony, abstract and briefs in this court were taken up in the presentation of defendants' equitable defense, plaintiff is awarded two-thirds of her costs and disbursements incurred in both courts." 203 Or at 106.

*Alery* does not support plaintiffs' position. We do not interpret *Alery* to mean that the defendant received fees necessary for prosecution of the replevin action only.

We agree with the rule relied on by defendant stated in *Reynolds Metals Co. v. Alperson,* 25 Cal 3d 124, 129, 158 Cal Rptr 1, 599 P2d 83 (1979):

> "Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees * * * only as they relate to the contract action. * * * A litigant may not increase his recovery of attorney's fees by joining a cause of action in which attorney fees are not recoverable to one in which an award is proper.
>
> "Conversely, plaintiff's joinder of causes of action should not dilute its right to attorney's fees. Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed."

Accordingly, we conclude that the trial court erred in holding that it had no discretion to award defendant attorney fees for services in defending the unlawful trade practices claim that also related to the defense of the fraud claim.

Reversed and remanded for reconsideration of defendant's claim for attorney fees.