Argued and submitted December 6, 1988, the decision of the Court of Appeals reversing the trial court affirmed, reversed and remanded to trial court for further proceedings March 7, 1989

ESTATE OF WESLEY E. SMITH et al,
*Petitioners on Review,*

*v.*

WARE,
*Respondent on Review.*

(TC No. 16-85-08831;
CA A46218; SC S35614)

769 P2d 773

James P. Caher, Eugene, argued the cause for petitioners on review. With him on the petition was Armstrong, McCullen & Philpott, P.C., Eugene.

K. Patrick Neill, Eugene, argued the cause for respondent on review.

Before Peterson, Chief Justice, and Linde, Carson, Jones, Gillette, and Van Hoomissen, Justices.

CARSON, J.

## CARSON, J.

The sole issue concerns attorney fees to which defendant may be entitled under ORS 646.638(3).[1]

Plaintiffs[2] alleged that defendant misrepresented the existence of a septic system on property purchased from defendant. Their complaint pleaded claims for fraud and unlawful trade practices. *See* ORS 646.608. Plaintiffs also asked for attorney fees based on ORS 646.638(3).

Defendant contested plaintiffs' claims. Defendant also counterclaimed for attorney fees under ORS 646.638(3) on the basis that plaintiffs' unlawful trade practices claim was "frivolous."[3]

Defendant prevailed at trial on both the fraud and unlawful trade practices claims. The trial court found for defendant on his counterclaim under ORS 646.638(3), concluding that plaintiffs' unlawful trade practices claim was frivolous.

Defendant then requested attorney fees amounting to $14,609. Defendant's lawyer estimated that $2,000 in attorney fees was necessary solely to defend the unlawful trade practices claim. Defendant did not claim $528 in attorney fees related solely to defending the fraud claim. This left $12,609 in attorney fees apparently incurred to defend both claims.

When plaintiffs contested defendant's request for attorney fees, they argued that defendant was entitled only to attorney fees solely related to defending the unlawful trade practices claim (about $1,000 in plaintiffs' estimation).

---

[1] ORS 646.638(3) provides:

"In any action brought by a person under this section, the court may award, in addition to the relief provided in this section, reasonable attorney fees at trial and on appeal and costs. If the defendant prevails, the court may award reasonable attorney fees at trial and on appeal and costs if it finds the action to be frivolous."

[2] Plaintiff Wesley E. Smith died in 1987. His estate was substituted in his behalf.

[3] Defendant also counterclaimed for attorney fees under ORS 20.105 for defending the unlawful trade practices claim. That statute would have permitted defendant to recover on plaintiffs' fraud claim upon a finding that the claim had been made "in bad faith, wantonly or solely for oppressive reasons." ORS 20.105(1). The trial court made no such finding (it denied defendant's counterclaim under ORS 20.105 with regard to the unlawful trade practices claim), and defendant did not assert that he was entitled to attorney fees for defending the fraud claim.

According to plaintiffs, defendant was not entitled to attorney fees necessary to defend both the fraud and unlawful trade practices claims.

The trial court agreed with plaintiffs. The court concluded that defendant was entitled to "only the incremental amount, or, to put it another way, that amount necessitated by the particular legal theory that [authorized] attorney's [sic] fees." In other words, the trial court concluded that it did not have authority to award attorney fees necessary to defend both the fraud and unlawful trade practices claims. Accordingly, the court awarded $2,000 in attorney fees to defendant.

The Court of Appeals reversed the decision of the trial court. *Estate of Wesley E. Smith v. Ware,* 93 Or App 23, 760 P2d 896 (1988). The Court of Appeals concluded that the trial court had authority "to award defendant attorney fees for services in defending the unlawful trade practices claim that also related to the defense of the fraud claim." *Estate of Wesley E. Smith v. Ware, supra,* 93 Or App at 26. We affirm the decision of the Court of Appeals.

ORS 646.638(3) authorizes an award of reasonable attorney fees if the court finds an unlawful trade practices claim frivolous. The trial court found plaintiffs' claim frivolous, entitling defendant, in the court's discretion, to attorney fees incurred in defending the claim.

ORS 646.638(3) thus authorized an award—but it did not limit the award in the manner determined by the trial court. ORS 646.638(3) does not draw a distinction between (1) attorney fees *solely* related to defending an unlawful trade practices claim, and (2) attorney fees incurred in defending an unlawful trade practices claim *and* another claim.

Defendant apparently incurred attorney fees in defending the unlawful trade practices claim that he would have incurred whether plaintiffs alleged a fraud claim or not. It matters not that some of these fees also apparently related to defending the fraud claim. The trial court was authorized to award attorney fees necessary to defend the unlawful trade

practices claim, regardless of whether those fees also were necessary to defend the fraud claim.[4]

Because the trial court did not award attorney fees under the rule we have announced, we remand the case to the trial court for determination of the award of attorney fees.

The decision of the Court of Appeals is affirmed. The case is remanded to the trial court for proceedings consistent with this opinion.

---

[4] Our decision jibes with decisions reached by other courts. *See Boca Mara Properties v. Intern. Dairy Queen, Inc.,* 732 F2d 1550, 1553-54 (11th Cir 1984); *Reynolds Metals Co. v. Alperson,* 25 Cal 3d 124, 129-30, 158 Cal Rptr 1, 599 P2d 83 (1979); *Drouin v. Fleetwood Enterprises,* 163 Cal App 3d 486, 492-93, 209 Cal Rptr 623 (1985); *Heindel v. Southside Chrysler-Plymouth, Inc.,* 476 So2d 266, 271-72 (Fla App 1985); *LaFerney v. Scott Smith Oldsmobile, Inc.,* 410 So2d 534 (Fla App 1982).