Submitted on respondents' petition for attorney fees and motion for damages and sanctions filed December 8 (opinion filed November 15, 1995, *see* 137 Or App 572, 905 P2d 1177), *rev den* 323 Or 153 (1996)) attorney fees awarded; motions for damages and sanctions denied May 29, 1996

## COMPUTER CONCEPTS, INC.,

Profit Sharing Plan; and Computer Concepts, Inc.,
Pension Plan, succeeded in interest by Don Weidenweber,
Self-Directed Individual Retirement Account,
by and through its custodian,
Piper Jaffray & Hopwood, Incorporated,
*Respondents,*

*v.*

William D. BRANDT;
Marc McDevitt; and Cynthia L. Barrett,
Personal Representative of the
Estate of Peter C. Murphy, Sr.,
aka Peter Connacher Murphy, Deceased.,
*Appellants,*

*and*

McDevitt & Company Investment
Corporation, Paragon, Inc.,
an Oregon corporation;
American Insurance Company;
and John Does 1-6,
*Defendants.*

(A8612-07746; CA A74597)

918 P2d 430

Richard S. Yugler for petition and motion.

Don G. Carter and David R. Nepom, *contra*.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

Haselton, J., concurring.

**DEITS, P. J.**

In *Computer Concepts, Inc. v. Brandt*, 137 Or App 572, 905 P2d 1177 (1995), *rev den* 323 Or 153 (1996), we affirmed the part of the judgment holding defendants Brandt, McDevitt and Peter Murphy, Sr.'s, personal representative (Murphy) liable to plaintiffs under the Oregon Securities Law. ORS chapter 59. We reversed the part of the judgment holding Murphy liable under the Oregon Racketeer Influenced and Corrupt Organization Act (ORICO). ORS 166.715 to ORS 166.735. Plaintiffs now petition for an award of $212,002 in attorney fees on appeal from the defendants jointly.[1]

Plaintiffs rely on ORS 59.115(2), which, at the time the appeal began and during most of the period it proceeded, provided in part that the "purchaser may recover * * * costs and reasonable attorney fees at trial and on appeal."[2] Because plaintiffs prevailed on the securities law claim, they are entitled to attorney fees under that statute for their attorneys' work on the securities law and "common issues."[3]

Brandt and McDevitt object to the amount of attorney fees claimed. Their objections assume two general forms:

---

[1] We are informed that the trial court awarded plaintiffs attorney fees of approximately $340,000, attributable to their securities law claims.

Plaintiffs and Murphy have reached a settlement, and Murphy has withdrawn his objection to the attorney fee award. The nature of the settlement does not affect our authority or obligation to *award* attorney fees against Murphy.

[2] ORS 59.115 was amended by Oregon Laws 1995, chapter 696, section 9, to delete the reference to costs and attorney fees from subsection (2) and to add the following subsections:

"(10) Except as provided in subsection (11) of this section, the court may award reasonable attorney fees to the prevailing party in an action under this section.

"(11) The court may not award attorney fees to a prevailing defendant under the provisions of subsection (10) of this section if the action under this section is maintained as a class action pursuant to ORCP 32."

None of the parties asserts that the amended version of the statute is applicable here. Our references to the statute in the balance of this opinion relate to the unamended version of it.

[3] Murphy objected to an award against him, contending that he prevailed on appeal against plaintiffs and that they should not be entitled to recover fees against him based on the fact that they "won" on the securities law claim. Because Murphy has withdrawn his objections, we do not reach that issue.

cries of outrage that the amount is patently excessive, and contentions that the time allotted to the various parties and issues is not adequately segregated in plaintiffs' petition and supporting documents.[4] Brandt suggests that an "award of not more than $55,234 is appropriate."

At the outset, we note that we do not agree with defendants that the allocation shown on plaintiffs' petition and other filings is inadequate or that as sharp a line *can* be drawn between the time devoted to the different issues as defendants would demand. *Estate of Wesley E. Smith v. Ware*, 307 Or 478, 769 P2d 773 (1989). We also note that plaintiffs had the task of responding to three separate and lengthy briefs by defendants and that the time required of them was thereby necessarily greater than would normally be so in an appeal of comparable complexity.

Nevertheless, we do not consider an award for the substantially more than 1,000 hours of attorney time claimed for this appeal to be reasonable. Taking into account the time that can legitimately be attributed to the securities law claims and the common issues and our estimation of the complexity of those claims and issues, we conclude that an award of $110,000 in attorney fees, payable jointly and severally by defendants, is appropriate.

Plaintiffs also move for damages under ORS 19.160 and for sanctions under ORAP 1.40 and ORCP 17 against various parties and attorneys. Those motions are denied.

Attorney fees awarded to plaintiffs in the amount of $110,000, payable by defendants Brandt, McDevitt and personal representative of Estate of Peter C. Murphy, Sr., jointly and severally; motions for damages and sanctions denied.

**HASELTON, J.,** concurring.

I concur separately to emphasize some concerns that I have with the presentation of attorney-fee petitions, not only in this case, but also in many petitions that I review as a member of the court's motions department. I emphasize that what follows is not a criticism of the able counsel in this case.

---

[4] There is also a contention that plaintiffs claim too high an hourly rate for their attorneys. We disagree with that contention.

It is, instead, a *"crie de coeur"*—a general plea for more precise and enlightening proof of "reasonableness" when we are asked to award substantial attorney fees on appeal.

In reviewing petitions for appellate attorney fees under ORAP 13.10, we function much like a trial court, at least with respect to issues of reasonableness. We receive evidence and, after considering the evidence, fix a fee. Just as trial courts benefit from expert opinions as to the reasonableness of fees, so do we. Just as trial courts are enlightened by *particularized* objections to fee petitions, so are we.

Far too often, appellate counsel who have rigorously briefed the substantive merits of a case offer only conclusory and patently self-interested submissions on attorney fees. That is perfectly acceptable—indeed understandable as a cost/benefit matter—where the fees requested are relatively low or reasonableness is not disputed. But where significant fees are sought and reasonableness is disputed, boilerplate submissions are self-defeating.

In cases where the parties' evidence of reasonableness consists solely of opposing counsels' contending representations as to their own, or their adversaries', worth, the court is thrown back onto its own resources. That is not exactly "flying blind"; lacking submissions by disinterested appellate practitioner experts, we do the best that we can, in as principled a fashion as we can. Ultimately, however, in determining reasonableness, we are forced to make a call based on our assessment of the diversity, complexity, and difficulty of the issues presented, our "eyeballing" of the work product, and our own experience as practicing attorneys (however dated) and on the bench.

Thus, our award in this case. An award that is the product of our best judgment and collective experience, but one that may *seem* arbitrary. The lesson: Where there is "real" money at stake and reasonableness is disputed, help us out. Everyone will benefit.