Submitted on record and briefs July 17, 1998, reversed and remanded in part; otherwise affirmed August 25, 1999

In the Matter of
the Charlotte E. Waterbury Trust,

J. Gary FREEDLAND,
*Respondent,*

*v.*

Susan E. TREBES,
*Appellant,*

*and*

H. Wayne WATERBURY,
*Respondent.*

(960921; CA A98804)

986 P2d 630

Douglas R. Cushing filed the briefs for appellant.

Randall P. Sutton and Saalfeld, Griggs, Gorsuch, Alexander & Emerick, P.C., filed the brief for respondent.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

ARMSTRONG, J.

---

* Deits, C. J., *vice* Warren, P. J., retired.

## ARMSTRONG, J.

Petitioner Freedland is the trustee and a beneficiary of a trust of which respondent Trebes is a beneficiary and a former trustee. Freedland filed a petition against Trebes in which he sought various forms of relief, including an accounting of Trebes's handling of trust assets while she was trustee and the recovery of funds that he alleged had been improperly disbursed by her. Before trial, Trebes supplied Freedland with an accounting that the parties later agreed, and the trial court later found, constituted a sufficiently comprehensive record of Trebes's handling of trust assets. After trial, the court concluded that all of the disbursements made by Trebes were proper but that she had breached her fiduciary duty by failing to provide Freedland and the other trust beneficiaries with a timely accounting of the trust. Based on that decision, the court awarded Freedland all of the attorney fees that he had incurred in the proceeding. Trebes appeals that award, arguing that the court erred by awarding Freedland attorney fees for time devoted to issues other than those related to the accounting. We agree with Trebes and reverse.

Freedland and Trebes are two of four siblings. The children all had the same mother, but two of them had a different father from the other two. Their mother is the trustor of the trust. The trust agreement provided that the trust's assets were to be distributed on the trustor's death. As relevant to the parties' dispute, the agreement directed the trustee to distribute all of a specific Edward Jones investment account to Trebes and another sibling, Waterbury, in equal shares.[1] The assets of that account included two annuities.

Trebes served as trustee until she was replaced by Freedland as successor trustee in 1995. By the time that Freedland became trustee, Trebes had distributed all of the trust assets but had provided no accounting of those assets to the trust beneficiaries. In response to a demand from Freedland for an accounting, Trebes provided some information to

---

[1] The funds in that account were identified by the trustor as funds that had been left to Trebes and Waterbury by their paternal grandmother, which presumably explains why the trust did not provide for the distribution of those funds to the other two children, who had a different father.

Freedland in March 1996. Freedland thereafter filed the present proceeding, in which he asserted four claims. The first claim sought an accounting to address deficiencies in the accounting provided by Trebes in March 1996. The second and third claims sought to recover a portion of the funds that had been distributed to Trebes and Waterbury from the Jones annuities, on the ground that those funds should have been distributed to all four of the children in equal shares. The fourth claim sought a surcharge against Trebes for various alleged breaches of her fiduciary duties as trustee, focused principally on the distribution of the Jones annuities and the payment of a fee to Trebes and Waterbury for Trebes's services as trustee.

By the time that the case went to trial, Trebes had provided Freedland with a supplemental accounting that the parties agreed was adequate. Consequently, the only issues that remained for trial were those raised by Freedland's second through fourth claims. Although the court found that Trebes had breached her fiduciary duty by failing to provide a timely and adequate accounting, it concluded that she had properly distributed all of the assets. Consequently, it awarded no relief to Freedland on the claims that went to trial. Nevertheless, it awarded Freedland all of the attorney fees that he had incurred in the proceeding, including the fees that he incurred to try the claims on which he did not· prevail at trial. The court reasoned:

> "Much of the problem in this case arose from Susan Trebes' failure to follow her own attorney's advice, to reasonably keep the beneficiaries informed of her activities as fiduciary and trustee, and to provide complete accountings in a timely manner. To further aggravate the situation, though it was not illegal, she disbursed fees to herself and her brother out of the trust even though he was not a trustee. Accordingly, [Freedland] should be allowed judgment against Susan Trebes for [his] reasonable attorney fees and costs incurred in this matter."

The source of the court's authority to award attorney fees in the proceeding is ORS 128.155, which provides:

> "If [a] beneficiary is successful [in a proceeding brought under ORS 128.135 or 128.145], the court may tax the costs and disbursements of the proceeding, including any appeal

therein, and reasonable attorney fees against the trust estate or the trustee individually."

The parties do not dispute that Freedland, as a trust beneficiary, was successful in the proceeding that he brought under ORS 128.135.[2] Hence, the court had the authority to award him fees under the statute. The issue is whether the court exceeded its authority under the statute by awarding fees that were not reasonably incurred to achieve the success that Freedland achieved in the proceeding. We conclude that it did.

■■■■ Statutes that authorize an award of attorney fees to a party who succeeds or prevails in a proceeding authorize an award for the fees reasonably incurred to achieve the success that the party actually achieved. If the party asserts several claims that are subject to an award of fees but prevails on only one of them, then fees can be awarded only for the time reasonably necessary to prevail on the sole claim on which the party prevailed. That does not necessarily mean that time devoted to the other claims may not be recoverable. If, for example, there are common issues among the claims, then it may not be necessary to apportion the fees between the

_____

[2] As relevant, ORS 128.135 provides:

"(2) Any beneficiary of a trust or the trustee thereof may petition the circuit court in any county where trust assets are located or where the trustee resides for the purpose of any of the following:

"(a) Requiring, reviewing or approving an accounting of a trustee of a trust.

"(b) Accepting a resignation of the trustee or appointing a successor trustee or an additional trustee.

"(c) Obtaining authority, approval or instructions on any matter concerning the interpretation of the trust or the administration, settlement or distribution of the trust estate.

"(d) Making any modification of the trust that the parties could make by agreement under the provisions of ORS 128.177."

Actually, the court awarded no relief to Freedland on any claim, because Trebes submitted an acceptable accounting before the case went to trial, thereby mooting the first claim. Nevertheless, the accounting may have occurred only because of the proceeding, so the parties and the court may have considered it appropriate to treat Freedland as having succeeded in obtaining an accounting as a result of the proceeding even though the court did not order one. *Cf., e.g., Little Rock School Dist. v. Pulaski County Special School Dist. #1*, 17 F3d 260, 262-63 (8th Cir 1994) (plaintiffs entitled to attorney fees as prevailing parties in civil rights litigation where lawsuit was catalyst for voluntary action by defendant that rendered lawsuit moot).

claim on which the party succeeded and those on which the party did not. *See, e.g., Estate of Wesley E. Smith v. Ware*, 307 Or 478, 480-82, 769 P2d 773 (1989). In that circumstance, the court might conclude that it would have taken roughly the same amount of time to litigate a case in which the successful claim was the sole claim as it took to litigate the case in which it was one among several claims, so it would not be necessary to apportion the fees to reflect the lack of success on the other claims. *See, e.g., id.* Similarly, in a contract action involving a number of claims and counterclaims in which the prevailing party receives a net award on the basis of a single claim, the court could conclude that all of the time devoted to the case was necessary to achieve the success that the party achieved in the action.

■　　　Here, however, the success that Freedland achieved in the proceeding was limited solely to the claim for an accounting. It is the only claim on which he obtained any relief,[3] and his success on that claim was achieved before the matter proceeded to trial on his other three claims. Consequently, the attorney fees that Freedland incurred to prepare for trial and to try his second through fourth claims were not reasonably incurred to achieve the success that he achieved in the proceeding.[4] Hence, the trial court erred in including the time devoted to that work in its award of attorney fees to Freedland. We reverse the award and remand the case to the trial court to reconsider it.

　　　Award of attorney fees reversed and remanded for reconsideration; otherwise affirmed.

---

[3] The trial court did conclude that Trebes had breached her fiduciary duty by failing to provide a timely accounting of her handling of trust assets, as alleged in Freedland's fourth claim for relief, but the court awarded no relief on that claim. Hence, Freedland did not prevail on it.

[4] Although the court concluded that Trebes's handling of trust assets reasonably led Freedland to doubt whether Trebes had acted properly in disbursing those assets, which doubt led him to bring the proceeding against Trebes, its conclusion does not affect the propriety of awarding fees to Freedland for the time devoted to the trial of the claims on which Trebes prevailed. The fault attributable to Trebes does not bear on whether the time spent on those claims was reasonably necessary to achieve the success that Freedland achieved in the proceeding, which was to obtain an accounting.