**LANPHERE ENTERPRISES, INC.,**
Plaintiff—Appellant,

v.

**JIFFY LUBE INTERNATIONAL INC., a foreign corporation,**
Defendant—Appellee.

Lanphere Enterprises, Inc., Plaintiff—Appellee and Cross—Appellant,

v.

Jiffy Lube International Inc., a foreign corporation, Defendant—Appellant and Cross—Appellee.

Nos. 03–35617, 04–35231, 04–35302.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2005.

Decided June 1, 2005.

For related reference, see 2004 WL 1080169.

Duane A. Bosworth, III, Esq., Davis, Wright, Tremaine, Craig A. Nichols, Nichols & Associates, Portland, OR, for Plaintiff–Appellant/Plaintiff–Appellee and Cross–Appellant.

Charles F. Hinkle, Esq., Randolph C. Foster, Steven T. Lovett, Stoel Rives, LLP, Portland, OR, for Defendant–Appellee/Defendant–Appellant and Cross–Appellee.

Before: GOODWIN, TASHIMA, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Lanphere Enterprises ("Lanphere") brought an action against Jiffy Lube International ("Jiffy Lube") for unlawful trade practices and intentional interference with existing or prospective business relations on the basis of certain Jiffy Lube radio advertisements. Lanphere alleged that the radio ads contained false statements that were disparaging to Lanphere and that, but for the ads, some consumers would have purchased oil change services from Lanphere instead of from Jiffy Lube. Lanphere appeals the district court's summary judgment in favor of Jiffy Lube and assigns particular error to the district court's exclusion of expert testimony, reports, and surveys offered in opposition to Jiffy Lube's summary judgment motion. In addition, both parties challenge the district court's award of attorney's fees to Jiffy Lube. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.

Lanphere first challenges the district court's exclusion of its expert testimony, reports, and surveys. The district court excluded Lanphere's surveys because it concluded they were irrelevant and, to the degree they were marginally relevant, their relevance was substantially outweighed by the danger of confusing the issues and misleading the jury.[1] It excluded the related expert reports and testimony because it perceived an "analytical gap"

between the expert's conclusions and the survey data underlying them.

We review for abuse of discretion a district court's evidentiary rulings regarding the admissibility of expert testimony. *Obrey v. Johnson,* 400 F.3d 691, 694 (9th Cir.2005). Only if we are "left with a definite and firm conviction that the district court committed a clear error of judgment" do we reverse for abuse of discretion. *Clausen v. M/V New Carissa,* 339 F.3d 1049, 1055 (9th Cir.2003).

In deciding whether to admit expert testimony under Federal Rule of Evidence 702, the district court performs a gatekeeping role, ensuring that proffered testimony "is not only relevant but reliable" and that it " 'is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.' " *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589, 591, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (quoting *United States v. Downing,* 753 F.2d 1224, 1242 (3d Cir.1985)); *see also Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The court need not admit an expert opinion that is connected to the underlying data "only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). It may exclude such testimony if it determines "that there is simply too great an analytical gap between the data and the opinion proffered." *Id.* We have observed, however, in the context of consumer confusion surveys that: " 'as long as they are conducted according to accepted principles,' survey[s] ... should ordinarily be found sufficiently reliable under *Daubert.*" *Southland Sod Farms v. Stover*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the facts, we recite them only as necessary to aid in the understanding of this disposition.

*Seed Co.,* 108 F.3d 1134, 1143 n. 8 (9th Cir.1997) (quoting *E. & J. Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1292 (9th Cir.1992)) (internal quotation marks omitted).

Lanphere's expert reports and testimony are based on two surveys, a June 2002 preliminary survey, and a more extensive September 2002 survey. Each survey purports to measure whether Lanphere lost oil change business to Jiffy Lube as a result of six allegedly false statements in Jiffy Lube radio advertisements. In determining the admissibility of the surveys, reports, and testimony, the district court considered only those survey results relating to the allegedly false statements that it determined were still at issue.

As a preliminary matter, Lanphere challenges the district court's determination that only three of the six allegedly false statements remained at issue. The district court concluded that Lanphere effectively conceded the literal truth of three of the statements covered by its surveys (the overnight, warranty, and appointment statements) by failing to raise or argue these statements in its Opposition to Summary Judgment.

Lanphere's original Complaint identified only one of the six surveyed statements as allegedly false (the certified technicians statement). Its September 2002 Statement of Damages complained only of the operating hours statements and the certified technicians statement. The first indication that Lanphere intended to pursue claims based on the three additional statements (the appointment, overnight, and warranty statements) appeared in the Proposed Amended Complaint that it filed on the same day that Jiffy Lube filed its Motion for Summary Judgment.

■ Lanphere does not refute the district court's conclusion that it failed to raise and argue the three additional state-

ments; instead, it faults Jiffy Lube for not addressing the statements. Contrary to Lanphere's assertions, Jiffy Lube adequately addressed the statements by offering uncontroverted evidence that Lanphere dealerships required appointments and by pointing out that Lanphere's Opposition and Statement of Damages failed even to mention the overnight and warranty statements. It was well within the district court's discretion to require Lanphere to raise and argue each and every statement upon which it wished to base its claims.

A. *Exclusion of the June Survey and Related Report and Testimony*

■ The district court's exclusion of the June Survey and related expert report and testimony was within its discretion for two reasons. First, the report's conclusions are subject to question because of the survey's failure to identify respondents who considered a Lanphere dealership to be their dealership of choice for oil change services. Second, the survey results regarding the advertising statements at issue provided, at best, marginal support for the expert's opinions because only a portion of one otherwise questionable response supported his conclusions. The district court thus reasonably concluded that the survey was irrelevant, that any minimal relevance it might have was substantially outweighed by the danger of confusing the issues and misleading the jury, and that the report was inadmissible because there was too great an analytical gap between its conclusions and the underlying data.

B. *Exclusion of the September Survey and Related Report and Testimony*

■ Although we view the propriety of excluding the September Survey and related report and testimony as posing a simi-

larly close question to the exclusion of the June Survey, we perceive no clear error in the district court's judgment and therefore hold that exclusion was within its discretion. *See Clausen*, 339 F.3d at 1055. For several reasons, one could reasonably conclude that the September Survey failed to establish that customers would have gone to Lanphere dealerships instead of Jiffy Lube for oil changes but for the allegedly false advertisements.

First, the survey began by alerting respondents that the interviewer would first ask "a few questions about dealerships that you would consider taking your (car/vehicle) to for servicing." No mention was made of oil change services in this prelude to the survey questions or in the scripted interviewer statements preceding it. Thus respondents' affirmative answers to one of the following questions (asking "would you take your" car to a specific Lanphere dealership) do not establish that each respondent would take his or her car to the specified dealership *for oil changes.*

Second, respondents' affirmative responses do not establish that each respondent considered the specified dealership to be his or her "dealer alternative" to Jiffy Lube. This is particularly true in light of the fact that (1) the interviewer described the questions as asking about "dealerships that you *would consider*" taking a car to for servicing, (2) respondents were not asked whether there were other dealerships that they would also consider patronizing, and (3) no mention had yet been made of oil change services.

Finally, affirmative responses to the key survey question (which asked whether "any of the things I just asked you about cause[d] you to go to Jiffy Lube instead of a car dealership") failed to establish that respondents would have gone to *a Lanphere dealership* but for Jiffy Lube's ads. This is because the question did not identify a Lanphere dealership and its use of the article "a" makes clear that the question encompasses any car dealership the respondent might have patronized instead of Jiffy Lube. Moreover, only a very small percentage of respondents (18 out of 690 or 2.6%) gave affirmative responses based on the three statements at issue. In light of the questionable connection between affirmative responses and Lanphere dealerships, the probative value of these results is uncertain, at best.

Because sound reasoning supports exclusion of the September survey and related expert report and testimony, the district court did not abuse its discretion.

## II.

Lanphere next challenges the district court's grant of summary judgment for Jiffy Lube on all of Lanphere's claims. We review a grant of summary judgment de novo. *Leonel v. Am. Airlines, Inc.*, 400 F.3d 702, 708 (9th Cir.2005). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact. *Id.*

■ The district court granted summary judgment because Lanphere offered no admissible evidence in support of its claims regarding causation and damages. Lanphere points to no proffered evidence to establish causation and damages other than its surveys and related expert reports and testimony. The district court's exclusion of that evidence thus left Lanphere's allegations regarding causation and damages completely unsupported. Accordingly, the district court properly granted Jiffy Lube's Summary Judgment Motion.

## III.

Both parties appeal the district court's order awarding attorney's fees to Jiffy

Lube. Jiffy Lube challenges the amount of fees awarded as inadequate. Lanphere argues that the district court lacked subject matter jurisdiction to award attorney's fees because the court had dismissed the underlying claim for lack of standing. Alternatively, Lanphere contends that the court properly limited its grant of fees to fees necessarily incurred to defeat the fee-bearing claim.

■ As the district court recognized, our decision in *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F.3d 877, 887–88 (9th Cir.2000), squarely refutes Lanphere's arguments regarding subject matter jurisdiction.

In considering the parties' arguments regarding the amount of the attorney's fee award, we review the award itself for abuse of discretion and review the court's interpretation and application of state law de novo. *See Kona Enters.,* 229 F.3d at 883.

In a case involving fee-bearing and non-fee-bearing claims, a court applying Oregon law should award only those fees reasonably incurred for the fee-bearing claim. *Greb v. Murray,* 102 Or.App. 573, 795 P.2d 1087, 1088 (1990). This principle generally requires a court to apportion fees between the fee-bearing and non-fee-bearing claims. *Morgan v. Goodsell,* 198 Or.App. 385, 108 P.3d 612, 614 (2005). Apportionment is not required, however, if there are issues common to both claims and the fees for the non-fee-bearing claim were necessarily incurred for the fee-bearing claim as well. *Estate of Smith v. Ware,* 307 Or. 478, 769 P.2d 773, 775 (1989). This exception to the apportionment requirement is based on the theory that the prevailing party would have incurred roughly the

same amount of fees in the absence of the non-fee-bearing claim. *Morgan,* 108 P.3d at 615 n. 3.

■ The district court reasonably concluded that Jiffy Lube was entitled to recover only those fees attributable to its lack-of-standing defense against Lanphere's Oregon Unlawful Trade Practices Act ("OUTPA") claim.[2] The court's conclusion was reasonable because Jiffy Lube was aware of and raised the lack of standing issue at the outset of the litigation. Thus, in the absence of the common law intentional interference claim, Jiffy Lube could have disposed of the case, as the district court observed, by bringing a "relatively straightforward Motion to Dismiss for Failure to State a Claim based on [Lanphere]'s lack of standing." It presumably would have brought such a motion before engaging in the expensive and protracted discovery that the common law claim required. Therefore, in spite of the issues common to the intentional interference and OUTPA claims, we see no abuse of discretion in the district court's apportioning fees between those claims because Jiffy Lube would not have incurred "roughly the same amount of fees" in the absence of the non-fee-bearing common law claim. *See Morgan,* 108 P.3d at 615 n. 3.

IV.

For the foregoing reasons, the judgment and the attorney's fees order of the district court are **AFFIRMED.** No costs.

2. In making its decision, the court identified all of the relevant factors it had to consider. Then, as Oregon law requires, it cited the factor it relied on in making its decision. *See id.; McCarthy v. Or. Freeze Dry, Inc.,* 327 Or. 84, 957 P.2d 1200, 1208 (1998).