**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> UNITED STATES CELLULAR OPERATING COMPANY OF MEDFORD, <br><br> Intervenor-Plaintiff-Appellee, <br><br> v. <br><br> WESTERN RADIO SERVICES COMPANY, INC, <br><br> Defendant-Appellant. | No. 14-35860 <br><br> D.C. Nos.  3:11-cv-00638-SI <br>  6:11-cv-06209-SI <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted November 8, 2016**
Portland, Oregon

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN, W. FLETCHER, and FISHER, Circuit Judges.

Western Radio Services Co., Inc. (Western Radio) appeals from the district court's order awarding United States Cellular Operating Company of Medford (U.S. Cellular) $158,696.81 in attorney fees, including nontaxable litigation expenses, and $3,798.76 in costs. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review the district court's award of "attorney's fees and costs for abuse of discretion. Elements of legal analysis and statutory interpretation underlying the district court's decision are reviewed de novo, and factual findings are reviewed for clear error." *Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018, 1021 (9th Cir. 2009) (citations omitted). Because U.S. Cellular's contractual claims arose under state law, Oregon law governs the award of attorney fees. *See id.* at 1023.

Western Radio argues that U.S. Cellular's request for fees should be entirely rejected due to its block billing. Western Radio fails to cite any Oregon law prohibiting partial fee awards notwithstanding the use of block billing. No Ninth Circuit precedent supports this argument. We have upheld as a "reasoned exercise of discretion" a district court's decision to reduce block-billed hours by 30%. *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1222-23 (9th

Cir. 2010). The district court did not abuse its discretion in partially reducing the block-billed hours.

Western Radio's objections to the hourly billing rates are without merit. The district court properly relied on survey information, submitted by U.S. Cellular, describing the range of fees charged by Oregon attorneys. *See e.g. Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1244 (D. Or. 2013) (Oregon State Bar (OSB) Economic Survey is "benchmark for comparing an attorney's billing rate with the fee customarily charged in the locality"). Although the requested rates were at the high end of the survey range, the district court did not abuse its discretion in adopting them in light of "the experience, reputation, and ability" of the attorneys and "the amount in controversy and the results obtained."

Next, Western Radio challenges the inclusion, as part of the fee award, of time spent prior to the filing of the complaint in this suit and time spent to obtain an amended order. Oregon law permits courts to "award fees associated with attorneys' reasonable prefiling activities" so long as those fees were "'reasonably incurred to achieve the success that the party actually achieved.'" *Fadel v. El-Tobgy*, 264 P.3d 150, 158 (Or. Ct. App. 2011) (quoting *Freedland v. Trebes,* 986 P.2d 630, 632 (Or. Ct. App. 1999)). The hours billed prior to filing the motion to intervene, including reviewing the demand letter and lease and preparing the

3

complaint, were all "reasonable prefiling activities" under Oregon law. Nor was it an abuse of discretion to award fees for work undertaken to procure the amended judgment and Western Radio does not cite precedent or rule of court that prohibit the award of fees in this context.

Western Radio contends that the attorney fee request is excessive. The district court "closely reviewed the entries" in the time sheet provided by U.S. Cellula, and individually identified 62 block-billed periods exceeding three hours. Western Radio neither explains why the requested hours of legal work are excessive, nor identifies specific instances of overduplication.

Finally, Western Radio argues that costs for transcription of Oberdorfer's deposition should be limited to the 48-page excerpt submitted as part of U.S. Cellular's briefings. "A judge or clerk of any court of the United States may tax as costs . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). An award under 28 U.S.C. § 1920 is not limited to the documents (let alone the pages) actually submitted to the court. *See Haagen-Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990). Portions of the depositions for which U.S. Cellular sought costs were all submitted as part of the parties' pleadings and were therefore

"reasonably necessary" to their successful suit. The district court did not abuse its discretion in awarding costs to U.S. Cellular.

We therefore affirm the award of costs and fees to U.S. Cellular.

**AFFIRMED.**