No. 1090    December 17, 2025    745

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Pamela S. WESTON
and Sheridan Todd Weston,
*Plaintiffs-Appellants,*

*v.*

Sharon I. DALLMAN,
Debra Meigs, and Kathy Lillie,
*Defendants-Respondents.*

Jackson County Circuit Court
17CV37107; A176842

Benjamin M. Bloom.

Argued and submitted June 26, 2024.

Hannah K. Hoffman argued the cause for appellants. Also on the briefs were Anit Jindal and Markowitz Herbold PC.

Mark R. Weaver argued the cause for respondent Sharon I. Dallman. Also on the brief was Brophy Schmor LLP.

No appearance for respondents Debra Meigs and Kathy Lillie.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Plaintiffs appeal from a supplemental judgment awarding defendants' attorney fees. In a single assignment of error, plaintiffs assert that they were the prevailing party and that the trial court erred by (1) designating one prevailing party upon entry of the judgment, rather than determining the prevailing party on a claim-by-claim basis and (2) failing to apportion fees. For the reasons described below, we affirm.

The question of whether a party is entitled to attorney fees presents a question of law, and, in making that determination, the question of whether fees are reasonable is a factual determination that we review for abuse of discretion. *Bearden v. N. W. E. Inc.*, 298 Or App 698, 707-08, 448 P3d 646, *rev den*, 366 Or 64 (2019); *see also* ORS 20.075(3) ("In any appeal from the award or denial of an attorney fee subject to this section, the court reviewing the award may not modify *** the decision of the court as to the amount of the award, except upon a finding of an abuse of discretion."); *Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 117, 376 P3d 960 (2016) (explaining that a discretionary determination is legally impermissible if it is "based on predicate legal conclusions that are erroneous or predicate factual determinations that lack sufficient evidentiary support").

Because the parties are familiar with the procedural and factual background, we set out only those facts necessary for our discussion of the assignment of error in this nonprecedential memorandum opinion. Meigs, Lillie, and Dallman (collectively, defendants) were plaintiffs' neighbors. Both defendants and plaintiffs used a private road to access their respective properties. That road was owned by plaintiffs, and defendants had a written easement over the road for street access. Plaintiffs, who wanted to widen the paved portion of the easement for a new travel trailer, filed a lawsuit against defendants seeking, in part, declaratory and injunctive relief regarding the easement, which was governed by Covenants, Conditions, Restrictions and Easements (CC&Rs). Defendants filed counterclaims in response. In a summary judgment ruling, the trial court

dismissed all but one of plaintiffs' claims.[1] The case proceeded to a bench trial in which defendants prevailed on a counterclaim declaring that plaintiffs could not park trucks or trailers on the easement. Ultimately, the trial court issued a letter opinion naming defendants as the prevailing parties and noted that defendants were entitled to an award of attorney fees.

Plaintiffs, who did not assert an entitlement to fees, objected to defendants' request for fees on two grounds: (1) the fees should be apportioned between fee-generating and non-fee-generating claims, asserting that they were the prevailing party; and (2) defendants' requested fees should be reduced according to the ORS 20.075 factors. Defendants contended that they were the properly prevailing party and argued against apportionment.

After both parties submitted briefs and the trial court held a hearing, the court again concluded that the defendants were the prevailing party, explaining that, although plaintiffs were allowed to use the property, which was never in dispute, plaintiffs are not allowed to keep people off or "expand to the full use of the easement." The court also considered plaintiffs' apportionment argument, concluding that there was one non-fee-generating claim involving defendant Dallman's trespass counterclaim. The court reduced the fee by the amount of time associated with that claim and awarded the rest of the attorney fees requested by defendants. With respect to plaintiffs' apportionment argument, the court concluded the fee hearing by noting that, "All of [the claims] overlapped. It was all the same proof. It was the same actions with the basis of all the claims regarding the use of the easement and the terms of the CC&Rs." The court then issued a supplemental judgment adopting the arguments and facts as presented by defendants in their memoranda and specifically rejected plaintiffs'

_____

[1] Plaintiffs' remaining claim for relief asserted a right to a declaration that,

"they have the right to unimpeded use and enjoyment of the easement for access thereto free of unreasonable restrictions or limitations, and that Defendants shall permanently remove any physical barrier or impediment from the easement. Furthermore, Plaintiffs are entitled to a declaration by this Court enjoining Defendants from violating the CC&Rs as enumerated above."

apportionment argument, explaining that "the claims upon which defendants prevailed involved common issues, and defendants would have incurred roughly the same amount of fees that they would have incurred had they litigated only the claims for which fees were explicitly authorized."

On appeal, plaintiffs assign error to the award of attorney fees, asserting that the trial court erred by designating one prevailing party rather than determining the prevailing party on a claim-by-claim basis and by failing to properly apportion fees. Only defendant Dallman appears on appeal, arguing that plaintiffs' arguments are unpreserved and, in the alternative, that the trial court did not abuse its discretion.

We begin with plaintiffs' argument that the trial court erred by designating one prevailing party rather than determining the prevailing party on a claim-by-claim basis. Plaintiffs argue that they preserved their argument because they argued to the court that they were the properly prevailing parties and the fee awards should be apportioned accordingly, and defendants Lillie and Meigs cited ORS 20.077 in their reply brief. Plaintiffs contend that, because the statute was in front of the court, they have sufficiently preserved the issue for appellate review. Further, plaintiffs assert that, if this court concludes that the error is not preserved, preservation should be excused because any attempt to raise the issue would have been futile given that the court already designated defendants as the prevailing parties in its opinion letter.

Generally, an issue not preserved in the trial court will not be considered on appeal. *Ailes v. Portland Meadows, Inc.,* 312 Or 376, 380, 823 P2d 956 (1991); ORAP 5.45(2). Preservation, which is a prudential doctrine, serves several purposes including fairness and efficiency—affording both opposing parties and the trial court a meaningful opportunity to engage an argument on its merits and avoid error at the outset. *See, e.g.*, *State v. Skotland*, 372 Or 319, 326, 549 P3d 534 (2024); *see also Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008) (explaining that "preservation gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting

one already made, which in turn may obviate the need for an appeal").

Here, plaintiffs argued to the trial court that it should apportion fees because they prevailed on their claim and some of the counterclaims. In response to the apportionment argument, defendants asserted that they—not plaintiffs—were the prevailing parties, and seemingly cited to ORS 20.077 in their reply brief to define prevailing party and explain how they prevailed. Defendants then argued that, because they prevailed and the counterclaims shared common issues, the trial court should not apportion the fees. Thus, the focus of the prevailing-party argument was about apportionment; there was nothing about the citation to ORS 20.077 that would have alerted the trial court or defendants that plaintiffs were seeking a determination of the prevailing party on a claim-by-claim basis.

Moreover, we reject plaintiffs' contention that raising a challenge would have been futile. After the trial court issued its opinion letter, it accepted briefing and held a hearing, which provided two opportunities for the parties to continue to advance their arguments, including that they were the prevailing party. The court continued to consider the parties' arguments and at no point did the court refuse to consider arguments or announce explicitly or implicitly that it was foreclosing further consideration of the prevailing party. Because the error is neither preserved nor excused, and plaintiffs did not request plain error review, we decline to review the issue.[2]

Plaintiffs also challenge the amount that the trial court awarded defendants on the grounds that the court failed to properly apportion the fees. Plaintiffs' apportionment challenge rests on its argument that they prevailed on their claim and several counterclaims, and that some of the counterclaims did not share common issues with the fee-generating claims. Although it is generally true that a prevailing party is entitled to recover attorney fees only for the claim upon which the party prevailed, time spent on other

---

[2] Our conclusion that plaintiffs' argument is not preserved for appellate review obviates the need to determine whether that argument fails on the merits given the trial court's adoption of defendants' memorandum.

claims may be recoverable when "there are common issues" among the claims. *Freedland v. Trebes*, 162 Or App 374, 378-79, 986 P2d 630 (1999). As we previously have recognized, it may take "roughly the same amount of time to litigate a case in which the successful claim was the sole claim as it took to litigate the case in which it was one among several claims." *Id.* Accordingly, when common issues prevail among the claims, it is not "necessary to apportion the fees to reflect the lack of success on the other claims." *Id.* Furthermore, a trial court is given wide discretion in making the factual determinations necessary to conclude whether attorney fees should be apportioned. *Malot v. Hadley,* 102 Or App 336, 341, 794 P2d 833 (1990).

Here, the trial court considered plaintiffs' apportionment argument, and it did reduce the fee amount with respect to defendant Dallman's trespass counterclaim. With respect to the additional claims, the trial court did not accept plaintiffs' apportionment argument, explaining that "the claims upon which defendants prevailed involved common issues, and defendants would have incurred roughly the same amount of fees that they would have incurred had they litigated only the claims for which fees were explicitly authorized." We have reviewed the record, and we conclude that the trial court did not exceed the bounds of discretion in concluding that the claims involved common issues.

Affirmed.