64　　　　　　　　　　April 21, 2015　　　　　　　　　No. 9

IN THE OREGON TAX COURT
REGULAR DIVISION

COMCAST CORPORATION,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4909)

Following the remand of this matter from the Oregon Supreme Court, a dispute arose between the parties as to the scope of the issues remanded. Plaintiff (taxpayer) argued that remaining issues as to discrimination claims under the Oregon and federal constitutions, taxpayer's claim under the Internet Tax Freedom Act and taxpayer's claim under Measure 50 were to be litigated. Defendant Department of Revenue (the department) argued that with the exception of taxpayer's claim as to Measure 50, all other claims for relief contained in taxpayer's amended complaint could not be considered, based on the actions taken by the Supreme Court. The court ruled that the department's position was erroneous, because it could point to no statute, appellate rules, or case law authority to support its position, and would result in situations where a taxpayer, victorious in the Tax Court as to a conclusive statutory claim or argument would be required to assign as error federal statutory, as well as state and federal constitutional, claims or arguments not decided there, and therefore would result in a fundamental violation of due process rights of a taxpayer.

Oral argument on scope of remand was held April 20, 2015, in the courtroom of the Oregon Tax Court, Salem.

Cynthia M. Fraser, Garvey Schubert Barer PC, Portland filed the briefing and argued the cause for Plaintiff (taxpayer).

Marilyn J. Harbur, Senior Assistant Attorney General, Department of Justice, Salem, filed the briefing and argued the cause for Defendant Department of Revenue.

Decision rendered April 21, 2015.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court after briefing by the parties and a hearing on the scope of proceedings following the decision and appellate judgment of the Oregon Supreme Court.

A.  *Scope of Remand*

The court decided at the hearing that the position of the Department of Revenue (the department) was without merit as to the scope of remand. That position was that with the exception of taxpayer's claim as to Measure 50, all other claims for relief contained in taxpayer's amended complaint could not be considered—based on the actions taken by the Supreme Court. The department bases its position, in part, on what appears to be its self-invented distinction between "claims" and "arguments." The department ignores that each of the objections made by taxpayer was denominated in its pleadings as a separate claim for relief. The position of the department is that taxpayer made only one claim, namely for "relief from central assessment of its property." The department then argues that while there may have been several arguments in support of that one claim, the general judgment of this court must have disposed of that claim.

That position ignores the fact that this court's determination in favor of taxpayer of the statutory claims, or arguments (if one adopts the lexicon of the department), rendered moot the remaining claims or arguments. Those claims, or arguments, properly raised issues about federal statutory limitations as well as state and federal constitutional limitations that needed to be decided, *if but only if, as did not occur in this court, the statutory claims or arguments were decided against taxpayer.*

The department's arguments stand the famous Oregon doctrine of "first things first," on its head. The department would punish a taxpayer when, as here, taxpayer succeeds on a statutory claim or argument and the court, following the "first things first" doctrine, does not go on to rule on moot state and federal constitutional claims that have relevance only if, as did not occur here, the taxpayer loses the statutory claims or arguments.

The department next argues that the actions of the Supreme Court compel the conclusion for which the department argues. That position is grounded on how the Supreme Court responded to the request of, ironically, *the department*

with respect to one of the claims or arguments: the Measure 50 claim or argument.

The department attempted to have the court decide the Measure 50 issue after the statutory claim or argument had been resolved by the Supreme Court. Noting that the Measure 50 disagreement of the parties was not rendered moot by its conclusions on the statutory claim of taxpayer, the Supreme Court nevertheless declined to address the Measure 50 claim. *Comcast Corp. v. Dept. of Rev.*, 356 Or 282, 334, 337 P3d 768 (2014). In so doing, the Supreme Court noted that this court had not resolved that dispute. *Id.* The court then stated that the case was remanded to this court for further proceedings. *Id.* at 335.

Taxpayer then became aware that the department might argue the position it now takes. Taxpayer requested that the Supreme Court clarify its remand and the effect on all claims or arguments of taxpayer left unresolved by this court and not rendered moot by the decision of the Supreme Court. The Supreme Court, without any explanation, denied that request.

From such silence the department concludes that the Supreme Court, having discussed the Measure 50 claim at the request of the department, must have meant to limit the remand to only that claim. Such an argument would mean that the department would control the scope of remand by deciding which of several issues still to be decided after its victory *it* had chosen to ask the Supreme Court to decide.

The error in the department's position can be seen in that, if it is accepted, taxpayers would be put in a strange position. A taxpayer, victorious in this court as to a conclusive statutory claim or argument would be required to assign as error federal statutory, as well as state and federal constitutional, claims or arguments not decided here. Otherwise, if its victory on statutory grounds is reversed, the taxpayer would be precluded from getting a decision on federal statutory as well as state and federal constitutional claims or arguments never resolved by this court and not addressed by the Supreme Court.

If such a tortuous path is required, this court would expect that to be reflected in statute, the rules of appellate procedure, or prior case law. The department could point to no such authority to support its position.

The simple fact is that the Supreme Court took no action that supports the position of the department. Although the department attempted to have the Supreme Court address the Measure 50 issue on appeal, the Supreme Court declined to do so. The Supreme Court recognized that its decision did not render the Measure 50 claim moot and that it should be decided initially by this court. The other claims of taxpayer on which it now seeks a decision occupy a position exactly parallel to the Measure 50 claim or argument. They were irrelevant, and not decided by this court given the decision on the statutory claims or arguments but now have potentially decisive relevance following the decision of the Supreme Court on the statutory claims.

Acceptance of the department's reading of the actions of the Supreme Court, including its silence as to reasons for not addressing taxpayer's request for clarification, results in a fundamental violation of due process rights of taxpayer. The department's argument, if accepted, would result in there being no decision, by this court or the Supreme Court, on claims or arguments raised but, in accordance with existing law and procedure (including the doctrine of avoidance as to constitutional issues), not decided by any court. Other than its own reading of the actions of the Supreme Court, some of which were described incorrectly by it, the department gave no constitutional, statutory or case law support for its position.

B. *Further Proceedings*

After concession by taxpayer as to its issue preclusion claim, there remain taxpayer's discrimination claims under the Oregon and federal constitutions, taxpayer's claim under the Internet Tax Freedom Act and taxpayer's claim under Measure 50.

The process for further briefing of legal issues and discovery as to certain factual matters was discussed at the

hearing and the record of the hearing is the guide for the parties until further notice. Now, therefore,

IT IS ORDERED that parties should proceed as directed at the hearing on this matter.