No. 47　　　　　July 14, 2016　　　　　21

IN THE SUPREME COURT OF THE
STATE OF OREGON

DIRECTV, INC.,
*Respondent,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Appellant.*

(TC 4939 (Control); SC S061294)

En Banc

On appeal from the Oregon Tax Court,* and on motion for entry of decision and appellate judgment.

Henry C. Breithaupt, Judge.

Submitted May 17, 2016.

Marilyn J. Harbur, Assistant Attorney General, Salem, filed the brief and motion for entry of decision and appellate judgment for appellant. With her on the brief was Ellen F. Rosenblum, Attorney General.

Scott G. Seidman, Portland, filed the response to appellant's motion for respondent.

BREWER, J.

The decision of the Tax Court is reversed, and the case is remanded to the Tax Court for further proceedings.

_____
\* 21 OTR 90 (2013).

**BREWER, J.**

This is a direct appeal from a decision of the Oregon Tax Court setting aside a determination by the Department of Revenue (the department) that taxpayer DIRECTV's property in Oregon is subject to central assessment under ORS 308.505 to 308.665. The department argues that, contrary to the Tax Court's opinion, DIRECTV is a "communications" business whose property is subject to central assessment under ORS 308.515(1). We agree and, therefore, reverse and remand.

DIRECTV is a satellite television provider; it transmits video and audio data obtained under licenses from content providers to its subscribers via satellite. ORS 308.515(1) provides for central assessment of any property in Oregon used in certain kinds of businesses, including "communications." For purposes of the statute, "communications" includes "data transmission services." ORS 308.505(3). The department began to centrally assess DIRECTV's property in 2009, on the theory that DIRECTV was in the business of providing "data transmission services" and therefore was a "communications" business.

DIRECTV contested that decision, arguing, among other things, that it did not provide "data transmission services" as the term is used in ORS 308.505(3). The Tax Court agreed, primarily based on a decision that it had issued earlier, *Comcast Corp. v. Dept. of Rev.*, 20 OTR 319 (2011). That case involved a cable TV and internet service provider's challenge to the central assessment of its property under ORS 308.515(1). The Tax Court held that, for purposes of the definition of "communications" in ORS 308.505(3), "data transmission services" means the transmission, for a fee, of data or content owned by one party to another party, and does not apply when a company sells the data or content—as a commodity—to the customer, in addition to providing the conduit for it. 20 OTR at 328-29.

Applying that definition from its *Comcast* decision in the present case, the Tax Court held that, because DIRECTV had purchased licenses to transmit the audio and video data at issue to its customers, it was not merely acting as a conduit for data owned by other entities and,

therefore, was not a "communications" business that is subject to central assessment under ORS 308.515(1). *DIRECTV, Inc. v. Dept. of Rev.*, 21 OTR 90, 92-93 (2013). The Tax Court granted summary judgment to DIRECTV on that issue, set aside the department's central assessment of DIRECTV's property for the 2009-2010 through 2012-2013 tax years, and ordered corrected assessments and tax refunds.

At the time of the Tax Court's decision in this case, the department's direct appeal of the *Comcast* decision was pending before this court. Since then, we have issued a decision in the case. In *Comcast Corp. v. Dept. of Rev.*, 356 Or 282, 337 P3d 768 (2014), we rejected the definition of "data transmission services" that the Tax Court announced in that case. We held that, for purposes of ORS 308.505(3), "data transmission services" means "services that provide the means to send data from one computer or computer-like device to another across a transmission network." *Id.* at 315. We further held that that meaning applies "whether the data that the customer receives is data directed to it by the service provider itself or by some third party." *Id.* at 332. Applying that definition to the taxpayer's claims in that case, we held that the internet and cable transmission services that the taxpayer provided were, indeed, "data transmission services," and that the taxpayer therefore was a "communications" business whose property was subject to central assessment under ORS 308.515(1). *Id.* at 284.

Our decision in *Comcast* controls the present case. Like the taxpayer in *Comcast*, DIRECTV undisputedly is in the business of transmitting electronically coded data between computer-like devices, including set top boxes. *See id.* at 323 ("([i]n effect, a set top box is a computer or computer-like device with a microchip in it that gives it its functionality"). It is of no consequence that DIRECTV licenses or owns the data it transmits; neither is it important that DIRECTV transmits data via satellite rather than via cable. *Id.* at 314-15. DIRECTV provides "data transmission services" within the meaning of ORS 308.505(3), and therefore it is a "communications" business that is subject to central assessment under ORS 308.515(1). The Tax Court was mistaken in concluding otherwise and in granting summary judgment to DIRECTV on that ground.

Anticipating a decision in its favor, the department has moved for entry of a decision and appellate judgment that reverse the Tax Court's decision without remanding to the Tax Court for further proceedings. We deny that motion.[1]

The decision of the Tax Court is reversed, and the case is remanded to the Tax Court for further proceedings.

---

[1] The department argues that remand is not warranted because DIRECTV has no arguments or claims that remain for consideration on remand. It argues that, to the extent that DIRECTV raised claims and arguments before the Tax Court other than the one expressly addressed in the Tax Court's general judgment, the effect of the judgment was to dismiss those claims with prejudice. The department relies on ORS 18.082(3), which provides: "Upon entry of a general judgment, any request for relief in the action that is not decided by the general judgment *** is dismissed with prejudice unless the judgment provides that the dismissal is without prejudice."

The department misunderstands how the cited statute operates in circumstances like these. When the Tax Court decided the threshold summary judgment issue regarding the applicability of ORS 308.515(1) in DIRECTV's favor and entered a general judgment based on that decision, it implicitly determined that DIRECTV's remaining arguments were moot. The reversal of the Tax Court's general judgment reopens those arguments for further consideration. Our decision in *Comcast* to remand for consideration of the taxpayer's Measure 50 argument, after reversing the general judgment for the taxpayer based on the meaning of "data transmission services," is a case in point. 356 Or at 334 ("That argument presents an issue that was moot under the Tax Court's resolution of the case, but is not moot under ours.")