274       September 28, 2016       No. 28

## IN THE OREGON TAX COURT
## REGULAR DIVISION

### DIRECTV, INC.,
*Plaintiff,*

*v.*

### DEPARTMENT OF REVENUE,
*Defendant.*

#### (TC 4939)

On remand from the Oregon Supreme Court, in this phase of the case the court considered proper construction and application of the "new property" exception to Measure 50. Defendant Department of Revenue, (the department) had treated all of Plaintiff's (taxpayer's) properties as new property on the basis that subjecting taxpayer's properties to central assessment for the first time was an exception to Measure 50. The department's determination of the maximum assessed value (MAV) for tax year 2009-10 thus represented an approximate increase of 150 percent from the total MAV for taxpayer's properties in tax year 2008-09. The department stressed a difference in the scope of the definition of property as between local and central assessment, arguing that unit valuation took into account the "use" of property for inclusion in the unit, whereas "use" of property was not included in the definition of property for local assessment. It further argued that the terms "not subject to" assessment and "exempt" from taxation were synonymous and used interchangeably by the legislature. According to the department, intangible property was "exempt" from taxation in local assessment, but not in central assessment. The court ruled that as the department had confirmed during oral argument that it was not pursuing determination of the MAV under the exception for disqualification from exemption, it was irrelevant for purposes of the new property exception whether intangible property was or was not "exempt" in local assessment. The court further ruled that pursuant to its analysis in the *Comcast* matter, the department could not use the new property exception for all of taxpayer's properties.

Oral argument on cross-motions was held on March 22, 2016, in the courtroom of the Oregon Tax Court, Salem.

Scott G. Seidman, Tonkon Torp LLP, Portland, filed the motion and argued the cause for Plaintiff (taxpayer).

Marilyn J. Harbur, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendant Department of Revenue (the department).

Decision rendered September 28, 2016.

**HENRY C. BREITHAUPT, Judge.**

# I.  INTRODUCTION

This consolidated case is on remand from the Oregon Supreme Court.[1] That Court held that property owned and used by DIRECTV, Inc. (taxpayer) to provide satellite-based entertainment is subject to central assessment. *DIRECTV, Inc. v. Dept. of Rev.*, 360 Or 21, 377 P3d 568 (2016).

This order follows in the wake of, and is controlled by, this court's order in *Comcast Corp. III v. Dept. of Rev. (TC 4909)*, 22 OTR 233 (2016) WL 4961875 (Order on New Property Exception to Measure 50) (*Comcast Corp. III*). In that order, this court held that Defendant Department of Revenue (the department) could not apply the new property exception to property previously subject to, but not subjected to, central assessment. Absent some distinguishing feature with respect to taxpayer in this case, the outcome must be the same.

This order only addresses the validity of the department's use of the new property exception. There are other issues pending before the court not addressed in this order.[2]

## II.  FACTS AND PROCEDURAL HISTORY

Taxpayer provides satellite-based entertainment for its customers in Oregon. It is stipulated that taxpayer's properties were subjected to local assessment in Oregon since 1994. However, the Oregon Supreme Court determined that this line of business is a "communications" business, and taxpayer's property is subject to central assessment by the department under ORS 308.515(1)(h).[3]

The department first *subjected* taxpayer to central assessment in tax year 2009-10. It does not appear that either party has argued, nor does the record appear to

---

[1] Tax years 2009-10 through 2012-13 are on remand from the Supreme Court. Tax years 2013-14, 2014-15, and 2015-16 are before this court on special designation.

[2] When this court previously ruled that taxpayer was not subject to central assessment, it did not address taxpayer's other claims because they were moot under this court's prior ruling. The Supreme Court's reversal of this court's prior decision "reopen[ed] those arguments for further consideration." *DIRECTV, Inc. v. Dept. of Rev.*, 360 Or 21, 25 n 1, 377 P3d 568 (2016).

[3] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2009.

support an inference, that the substance of taxpayer's operations changed significantly between assessment year 2008 and assessment year 2009.[4] Accordingly, there appears to be no basis upon which the court could determine that taxpayer became *subject to* central assessment for the first time as of tax year 2009-10.[5]

In tax year 2008-09, the last year that taxpayer was subjected to local assessment by the respective counties, the assessed value (AV) and real market value (RMV) of taxpayer's properties totaled approximately $13,000,000. The maximum assessed value (MAV) of taxpayer's properties totaled approximately $16,000,000.[6]

In tax year 2009-10, the department subjected all of taxpayer's properties to central assessment as one unit. Initially, the department asserted that the RMV for taxpayer's properties was equal to $232,000,000. However, after a Director's conference was held, the department reduced its proposed RMV to $40,000,000.

On the basis that subjecting taxpayer's properties to central assessment for the first time is an exception to Measure 50, codified in Article XI, section 11, of the Oregon Constitution, the department treated all of taxpayer's properties as new property. It then determined that the MAV (and AV) of taxpayer's properties was equal to the product of the RMV of $40,000,000 multiplied by a changed property ratio (CPR) of 1.00.[7] *See* ORS 308.153. The department's

---

[4] That is not to say that the size of those operations did not change. It is stipulated that the number of active subscribers in Oregon increased from 110,862 in 2008 to 151,606 in 2009. (Stip Facts at 2).

[5] However, the parties are invited to request to make a further record on this point.

[6] Precise values of AV, MAV, and RMV for the tax year 2008-09 are not in the record before the court. Precise values will be required to determine the correct AV and MAV for tax year 2009-10.

[7] At oral argument, the department made an assertion that taxpayer was assessed in tax year 2009-10 on RMV, not MAV. The assertion is apparently based on the fact that taxpayer's MAV was initially determined on the basis of the proposed $232,000,000 assessment by the department. However, as provided by ORS 308.153, the MAV for new property is determined based upon the RMV multiplied by the CPR (which the department asserts is 1.00). Accordingly, if the RMV associated with taxpayer's property was reduced to $40,000,000, then the MAV (and AV) must necessarily have also been reduced to $40,000,000.

determination of the MAV for tax year 2009-10 represents an approximate increase of 150 percent from the total MAV for taxpayer's properties in tax year 2008-09.

## III.   ISSUE

The issue in this proceeding is the proper construction and application of the "new property" exception to Measure 50.

## IV.   ANALYSIS

As previously stated, this order follows in the wake of *Comcast Corp. III*. Indeed, many of the arguments made by the department are the same ones rejected by this court in *Comcast Corp. III*. This court will not recreate that analysis. There are only two additional arguments that warrant discussion before applying this court's decision in *Comcast Corp. III* to this case.

### A.   *The Department's Additional Arguments*

First, at oral argument, the department stressed a difference in the scope of the definition of property as between local and central assessment. The department argued that unit valuation takes into account the "use" of property for inclusion in the unit, whereas "use" of property is not included in the definition of property for local assessment. The department seeks to use this difference in valuation methodology to invoke an exception to Measure 50.

However, as explained in *Comcast Corp. III*, methods of *valuation* pertain to the determination of RMV of property—not the determination of whether an exception to Measure 50 exists. *See* 22 OTR at 252-54, WL 4961875 at *13. Absent some exception to Measure 50, the MAV cannot increase more than three percent. Change to unit valuation in central assessment is not an exception to Measure 50.

---

The department provided no authority at the hearing or in its briefing on how the MAV could be anything else. In fact, the department, in its briefing, states:

> "Thus, for the first year the property was on the central assessment roll, the companies' real property values became the maximum assessed values (MAV)."

If the department intends to prove that the RMV and MAV differ in tax year 2009-10, it will have to introduce supporting evidence.

Second, at oral argument, the department argued that the terms "not subject to" assessment and "exempt" from taxation are synonymous and used interchangeably by the legislature. According to the department, intangible property is "exempt" from taxation in local assessment, but not in central assessment. The court is uncertain of what point the department is trying to make. Just as in *Comcast Corp. III*, the department confirmed during oral argument that it is not pursuing determination of the MAV under the exception for disqualification from exemption. Accordingly, it is irrelevant for purposes of the new property exception whether intangible property is or is not "exempt" in local assessment.[8]

The department cannot use the new property exception for all of taxpayer's properties.

B.   *Application of* Comcast Corp. III

The legal arguments of the department are rejected. All that remains is consideration of any relevant factual differences between taxpayer here and the taxpayer in *Comcast Corp. III*.

Although there are several tax years at issue, the relevant tax year for purposes of this decision is tax year 2009-10, which is the first year in which the department subjected the properties of taxpayer to central assessment. This is because the MAV determined by the department in all subsequent years is based at least in part upon the MAV determined for tax year 2009-10. It is that MAV, and accordingly the MAV for all subsequent years, that taxpayer challenges.[9]

There is one distinction worth noting between this case and *Comcast Corp. III*. In *Comcast Corp. III*, some properties of that taxpayer were subjected to central assessment in tax years prior to tax year 2009-10, the first year in which

---

[8] It is worth noting, however, that this court's analysis in *Comcast Corp. III* relied on the distinction between being *subject to* assessment and being *subjected to* assessment. The former concerns whether the property *can be* assessed. The latter concerns whether property *was* assessed.

[9] Taxpayer also challenges the RMV as to tax years 2009-10 through 2015-16. That challenge, however, and the arguments regarding that challenge, is not the subject of this order.

the department subjected all of that taxpayer's properties to central assessment. However, in this case, none of taxpayer's properties were subjected to central assessment before tax year 2009-10. This distinction, although noteworthy, is inconsequential.[10]

The fact that some properties of the taxpayer in *Comcast Corp. III* were subjected to central assessment before tax year 2009-10 never entered this court's analysis.[11] Moreover, this court held in *Comcast Corp. III* that being *subjected to* central assessment for the first time is not an exception provided for by Measure 50.[12] Nor is it a suitable basis, in and of itself, for relying upon the new property exception. *See* Or Const, Art XI, § 11(1)(c)(A); ORS 308.149; ORS 308.153.

For the reasons expressed by this court here and in *Comcast Corp. III*, the department cannot rely on the new property exception as to property previously subject to, but not subjected to, central assessment.

The court notes that taxpayer has not introduced precise values as to the AV and MAV of the subject property for tax year 2008-09. Nor have the parties stipulated to any. Moreover, the department has not introduced any evidence as to whether, despite the principles announced in this order and in *Comcast Corp. III*, there is new property. Accordingly, determination of the AV and MAV for tax year 2009-10, as well as any possible application of the new property exception for tax year 2009-10, must await evidentiary support. The parties are to confer regarding any matters arising from this order or otherwise, including issues arising with respect to tax years 2010-11 through 2015-16.

## V.  CONCLUSION

Property existing and subject to central assessment before the assessment date for tax year 2008-09 is not new

---

[10] In fact, both parties asserted so at oral argument.

[11] It did not enter into the department's analysis in that case either. The department treated all of taxpayer's properties as new property, even though some of the properties were previously subjected to central assessment. *See Comcast Corp. III*, 22 OTR at 238.

[12] The court expresses no opinion on whether the analysis would change in the first year a taxpayer becomes *subject to* central assessment.

property when it is first subjected to central assessment in tax year 2009-10. At this time, the court cannot determine a specific MAV for taxpayer's property. The parties are directed to confer regarding further discovery resulting from this order, and other matters still pending. Now, therefore,

IT IS ORDERED that the parties are to continue pursuant to this order and the rules of the court.