BREWER, S.J.
*202 **529 The Department of Revenue has petitioned this court to reconsider part of its opinion in Ellison v. Dept. of Rev. , 362 Or. 148, 404 P.3d 933 (2017). In that part of the opinion, the court described what it believed to be the current practice in the Tax Court as reflected in Chart Development Corp. v. Dept. of Rev. , 16 OTR 9, 14-15, 2001 WL 1585033 (2001). The department asserts, and taxpayer agrees, that the legislature may have changed that practice by its later enactment of ORS 305.412.
This court has reviewed the parties' arguments and concludes that it is uncertain whether, if asked to reconsider the practice described in its decision in Chart Development in light of the legislature's subsequent enactment of ORS 305.412, the Tax Court would reject that practice, or reaffirm it.[1] Because the answer is not necessary to our opinion, and because we do not wish to foreclose the Tax Court from considering the question in the first instance, the petition to reconsider is allowed. The relevant paragraph, published at 362 Or. at 162, 404 P.3d 933, is modified to strike the remainder of the paragraph after the first sentence and citation, and the entire paragraph will read as follows:
"Third, the Tax Court also had authority 'to determine the real market value or correct valuation on the basis of the evidence before the court, without regard to the values pleaded by the parties.' ORS 305.412."
We also modify a paragraph found on page 163 of the opinion, deleting two sentences from the middle of the paragraph. The modified paragraph will read as follows:
"First, the department's suggestion that the sole 'claim' in a property tax appeal is 'a request to determine the actual value of the property' obscures the fact that both parties made their own requests for affirmative relief from the BOPTA valuation. Viewed accordingly, even though the **530 Tax Court made a single determination of value on appeal, it did so in the context of resolving countervailing requests for affirmative relief from the BOPTA decision that, as pertinent here, effectively functioned as separate claims by the parties."
We conclude that the petition to reconsider does not otherwise bring into question the opinion's reasoning or result.
The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified.

Specifically: It is unnecessary for us to decide in this case whether, by giving the Tax Court authority to determine a real market value outside the range of values pleaded by the parties, ORS 305.412 might have altered whether the Tax Court has authority to confine its determination of real market value to the range of values pleaded by the parties, based on considerations that it identified in Chart Development or other appropriate considerations. Accordingly, we leave that issue for future determination in the first instance by the Tax Court.