8 March 29, 2018 No. 2

## IN THE OREGON TAX COURT
## REGULAR DIVISION

COMCAST CORPORATION,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4909)

During litigation of this matter on remand, at the hearing on the scope of remand, the court expressed profound concern regarding the due process implications of the arguments made by Defendant (the department) and invited Plaintiff (taxpayer) to file a request for attorney fees. Taxpayer filed its request after that invitation. The department objected on several grounds, including that attorney fees can only be awarded to a party that prevails on the merits of the case, not a procedural matter within that case. Denying taxpayer's request, the court ruled that it was not authorized to award attorney fees incurred for litigating the dispute on the scope of remand regarding whether taxpayer's discrimination claims were still before the court because earlier the court did not find in favor of taxpayer on the merits of those claims.

Submitted on Plaintiff's Amended Request for an Award of Attorney Fees and Defendant's objection.

Cynthia M. Fraser, Garvey Schubert Barer PC, Portland, filed the brief for Plaintiff Comcast Corporation (taxpayer).

Marilyn J. Harbur, Senior Assistant Attorney General, Department of Justice, Salem, filed the objection for Defendant Department of Revenue (the department).

Decision rendered March 29, 2018.

**HENRY C. BREITHAUPT, Senior Judge.**

### I. INTRODUCTION

This matter is before the court on a request for attorney fees filed by Plaintiff Comcast Corporation (taxpayer). Defendant Department of Revenue (the department) objects.

### II. FACTS AND PROCEDURAL HISTORY

The underlying case concerns the propriety of certain actions of the department with respect to the central

assessment of taxpayer beginning with the tax year 2009-10. That litigation began in 2009 with taxpayer filing a complaint claiming (1) taxpayer is not subject to central assessment, (2) the department violated the federal Internet Tax Freedom Act, (3) the department violated the uniformity and equalization clauses of the Oregon Constitution, (4) the department violated the equal protection clause of the United States Constitution, and (5) the department violated Measure 50 and the statutes implementing Measure 50 by determining a maximum assessed value (MAV) that was too high.[1]

In this order, claims 2 through 4 are collectively referred to as the discrimination claims. Claim 5 is referred to as the MAV claim.

The litigation in this case has been substantial. For a complete history, please see, in chronological order, *Comcast Corp. v. Dept. of Rev.*, 20 OTR 319 (2011) (determining taxpayer is not subject to central assessment); *Comcast Corp. v. Dept. of Rev.*, 356 Or 282, 337 P3d 768 (2014) (reversing and remanding); *Comcast Corp. II v. Dept. of Rev. (TC 4909)*, 22 OTR 64 (2015) (Order on Scope of Remand); *Comcast Corp. III v. Dept. of Rev. (TC 4909)*, 22 OTR 233 (2016) (Order on New Property Exception to Measure 50); *Comcast Corp. IV v. Dept. of Rev. (TC 4909)*, 22 OTR 442 (2017) (determining discrimination claims and final MAV calculation).

The attorney fees request before the court is based on arguments of the department as to the scope of remand after the court's first decision was reversed and remanded by the Oregon Supreme Court. To give context to dispute regarding the scope of remand (referred to as the remand dispute), the court provides a brief procedural history leading up to that dispute.

After a trial, the court decided that some services provided by taxpayer qualify as communication services as defined in ORS 308.505(3).[2] *Comcast Corp.*, 20 OTR at 333-35.

---

[1] Taxpayer subsequently amended its complaint to add claims under collateral estoppel and *res judicata*. However, taxpayer abandoned those claims on remand.

[2] The court's references to the Oregon Revised Statutes (ORS) are to the 2009 edition.

That decision would have subjected the property used to provide such services to central assessment. ORS 308.515 (1)(h). However, the court also decided that the primary use of that property was to provide cable television, which the court decided was not a communication service. *Comcast Corp.*, 20 OTR at 335-36. Therefore, the court decided that taxpayer's property was not statutorily subject to central assessment, which resolved taxpayer's first claim for relief in its favor. *Id.* at 337. The court accordingly stated that it was "unnecessary to, and the court does not, address the other challenges made by Comcast to the actions of the department." *Id.*

The court subsequently entered a judgment to that effect. Both parties appealed from that judgment for various reasons. The Supreme Court reversed, and held that taxpayer was statutorily subject to central assessment. *Comcast Corp.*, 356 Or at 332-33. That ruling made it unnecessary for the Supreme Court to consider this court's decision of the primary use of the taxpayer's property. *Id.* at 334.

The Supreme Court could have concluded its opinion there, having resolved all issues decided by the court. However, the department asked the Supreme Court to rule on the MAV claim, arguing it was purely a question of law. *See id.* The Supreme Court declined, stating that the MAV claim "was moot under the Tax Court's resolution of the case, but is not moot under ours." *Id.* The Supreme Court further stated:

> "Regardless of whether the department is correct in characterizing the issue as purely one of law, we decline the department's invitation. The issue entails an intricate question of tax law, one that involves assessment procedures and practices that the Tax Court deals with frequently. The statutes that provide for tax cases to be resolved first by the Tax Court, before coming to this court on appeal, implicitly recognize the value to this court of the Tax Court's resolution of tax disputes in the first instance. The MAV issue that the parties dispute is one that is appropriately resolved first by the Tax Court.
>
> "The decision of the Tax Court is reversed, and the case is remanded to that court for further proceedings."

*Id.* at 334-35.

On remand, the department argued that the only issue remaining for the court to decide was the MAV of the property. The department argued that, by omitting any mention of taxpayer's discrimination claims, the Supreme Court did not remand anything other than the MAV claim to this court.

The court rejected the department's argument, and determined that all of taxpayer's claims—except taxpayer's claim that it is not statutorily subject to central assessment, which was determined with finality by the Supreme Court— were remanded back to the court.[3] *Comcast Corp. II*, 22 OTR at 67.

At the hearing on the scope of remand, the court expressed profound concern regarding the due process implications of the arguments made by the department and invited taxpayer to file a request for attorney fees. Taxpayer filed this request after that invitation. The department objected on several grounds, including that attorney fees can only be awarded to a party that prevails on the merits of the case, not a procedural matter within that case. Taxpayer did not file a response to those objections, even though responses are contemplated by Tax Court Rule (TCR) 68 C(2)(c).

———————

[3] The department made a similar argument to the Supreme Court in the similar case of *DIRECTV, Inc. v. Dept. of Rev.*, 360 Or 21, 25, 377 P3d 568 (2016), when it asked the Court to enter an appellate judgment and reverse this court's decision without remand for further proceedings. The Supreme Court rejected the department's argument, noting:

"The department misunderstands how the cited statute operates in circumstances like these. When the Tax Court decided the threshold summary judgment issue regarding the applicability of ORS 308.515(1) in DIRECTV's favor and entered a general judgment based on that decision, it implicitly determined that DIRECTV's remaining arguments were moot. The reversal of the Tax Court's general judgment reopens those arguments for further consideration. Our decision in *Comcast* to remand for consideration of the taxpayer's Measure 50 argument, after reversing the general judgment for the taxpayer based on the meaning of 'data transmission services,' is a case in point. 356 Or [282, 334, 337 P3d 768 (2014)] ('That argument presents an issue that was moot under the Tax Court's resolution of the case, but is not moot under ours.')[.]"

*Id.* at 25 n 1. Although the Supreme Court only addressed the MAV claim in the foregoing footnote, nothing in the court's analysis limits its application to the MAV claim because the discrimination claims were also rendered moot by this court's initial decision.

The case has now concluded, with the court having found in favor of taxpayer on the MAV claim, which was not the subject of the remand dispute, and the court having not found in favor of taxpayer on the discrimination claims, which were the subject of the remand dispute. *See Comcast Corp. IV*, 22 OTR 442; *see also Comcast Corp. III*, 22 OTR 233 (detailing principles for deciding MAV claim). After the conclusion of this case, the court held a case management conference. During that conference, counsel for both parties indicated that they had no further briefing to offer to the court. Taxpayer has not requested attorney fees on any other basis than the remand dispute. With that background, the court now turns to taxpayer's request.

### III.   ISSUE

The issue is whether taxpayer is entitled to attorney fees it incurred for litigating the remand dispute.

### IV.   ANALYSIS

Generally, the court may not award attorney fees unless it is authorized to do so by statute. *See Dept. of Rev. v. Rakocy*, 15 OTR 389, 390 (2001) *(*citing *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990); describing the "American rule" of generally not awarding attorney fees to the prevailing party). There are at least two statutes and two court rules that provide for an award of attorney fees in the Oregon Tax Court. *See* ORS 20.105; ORS 305.490; TCR 17; TCR 46.[4] Taxpayer made its request for attorney fees under ORS 305.490(4)(a). That statute provides:

> "If, in any proceeding before the tax court judge involving ad valorem property taxation, exemptions, special assessments or omitted property, the court finds in favor of

---

[4] Tax Court Rules 17 and 46 do not independently have the force of statute. They are, however, modeled on and materially similar to Oregon Rules of Civil Procedure 17 and 46, which do have the force of statute. *See* ORS 1.735 (providing that the Council on Court Procedures shall promulgate rules on procedure, which become effective after legislative review). The court is statutorily directed to promulgate rules of practice and procedure that "conform, as far as practical to the rules of equity practice and procedure in this state." ORS 305.425(3). Therefore, the court has statutory authority to enact and apply TCR 17 and 46 with respect to an award of attorney fees.

the taxpayer, the court may allow the taxpayer, in addition to costs and disbursements, the following:

"(A)   Reasonable attorney fees for the proceeding under this subsection and for the prior proceeding in the matter, if any, before the magistrate; and

"(B)   Reasonable expenses as determined by the court. Expenses include fees of experts incurred by the individual taxpayer in preparing for and conducting the proceeding before the tax court judge and the prior proceeding in the matter, if any, before the magistrate."

If the court determines that it is authorized by ORS 305.490(4)(a) to award attorney fees, it then considers the factors listed in ORS 20.075 to determine the extent of the award. *Preble v. Dept. of Rev.*, 331 Or 599, 602, 19 P3d 335 (2001).

The court must first determine whether it is authorized to award attorney fees. The court is authorized to award attorney fees to a taxpayer if it finds in favor of that taxpayer in a "proceeding." ORS 305.490(4)(a). Here, the court found in favor of taxpayer on the remand dispute by determining that taxpayer's discrimination claims were still before the court. The court did not, however, find in favor of taxpayer on the merits of those discrimination claims. The court did find in favor of taxpayer on the merits of the MAV claim.

The primary question is whether the remand dispute is a "proceeding" for purposes of ORS 305.490(4)(a). If it is not, then the next question is whether taxpayer can recover fees incurred for litigating the remand dispute on the basis of the court finding in favor of taxpayer on the MAV claim.

The answer to these questions requires the court to ascertain the meaning of the term "proceeding." That term is not defined by statute. Therefore, the court must analyze the text, context, and legislative history to ascertain its meaning for purposes of ORS 305.490(4)(a). *See State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009).

A.   *Text*

The court looks first to the text of the statute. ORS 305.490(4)(a) provides:

"If, in any proceeding before the tax court judge involving ad valorem property taxation, exemptions, special assessments or omitted property, the court finds in favor of the taxpayer, the court may allow the taxpayer, in addition to costs and disbursements, [attorney fees and reasonable expenses.]"

Reviewing only the text of the statue, the court sees at least three alternative meanings of the term "proceeding." First, it could mean a small portion of an overall case. Under that interpretation, the court would be authorized to award attorney fees here because it found in favor of taxpayer on the remand dispute. Second, it could mean a particular claim or defense. Under that interpretation, the court would not be authorized to award attorney fees because it did not find in favor of taxpayer on the discrimination claims.[5] Third, it could mean the overall case. Under that interpretation, the court would be authorized to award attorney fees because the court found in favor of taxpayer on the MAV claim.

The court considers dictionary definitions of the term. Because the context of the term within the statute indicates that the term "proceeding" is being used to describe something about the court, the court considers both *Black's Law Dictionary* (*Black's*) and *Webster's Third New International Dictionary* (*Webster's*).

*Black's* provides the following definitions:

"1. The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment. 2. Any procedural means for seeking redress from a tribunal or agency. 3. An act or step that is part of a larger action. 4. The business conducted by a court or other official body; a hearing.

---

[5] Part of the dispute on the scope of remand was whether the court should reopen the record for the MAV claim. The court did not invite taxpayer to file a request pertaining to that dispute and taxpayer did not brief its request for attorney fees on that basis. Accordingly, the court does not consider it.

5. *Bankruptcy.* A particular dispute or matter arising within a pending case—as opposed to the case as a whole."

*Black's Law Dictionary* 1214 (8th ed 2004) (emphasis in original). The definitions found in *Black's* indicate that the term "proceeding" refers to a smaller piece of a case—not the case itself.

*Webster's* similarly provides a variety of definitions for the term "proceeding," although in a more general sense:

"1: the action of proceeding. 2a: a particular way of doing or accomplishing something. b: a particular action or course of action. c: a particular step or series of steps adopted for doing or accomplishing something. d proceedings *pl*: doings, goings-on. e(1) proceedings *pl*: the course of procedure in a judicial action or in a suit in litigation : legal action. (2): a particular action at law or case in litigation. f: a particular thing done. 3 proceedings *pl*: an official record or account."

*Webster's Third New Int'l Dictionary* 1807 (unabridged ed 2002) (textual examples omitted). The definitions in *Webster's* are varied, but definitions e(1) and (2) relate more specifically to the legal use of the term. Those definitions indicate that the singular "proceeding" refers to the overall case or at least a cause of action, but the plural "proceedings" refers to all of the pieces of that case.

The definitions found in *Black's* seem to point in a different direction than the definitions found in *Webster's*. The term "proceeding" could mean a hearing or smaller procedural matter within the case. *Black's* supports this interpretation. However, the term "proceeding" could also mean the overall case or a cause action. *Webster's* supports this interpretation. Resolution of this interpretive issue requires considering the context of ORS 305.490(4)(a).

B.  *Context*

As context, the court first considers subparts (A) and (B) of the relevant statute. ORS 305.490(4)(a)(A) and (B) provide that the court may award:

"(A)   Reasonable attorney fees for the proceeding under this subsection and for the prior proceeding in the matter, if any, before the magistrate; and

"(B)   Reasonable expenses as determined by the court. Expenses include fees of experts incurred by the individual

taxpayer in preparing for and conducting the proceeding before the tax court judge and the prior proceeding in the matter, if any, before the magistrate."

The use of the article "the" linked with the singular "proceeding" contemplates *one* proceeding in the Regular Division of the court, and *one* in the Magistrate Division. The use of the singular "proceeding" suggests that the term relates to the ultimate resolution of the merits, *i.e.*, the case overall or at least a cause of action.

ORS 305.490(4)(a) is remarkably similar in structure to ORS 305.490(3)(a), which provides for attorney fees in income tax and inheritance or estate tax matters.[6] The Supreme Court has recently stated that ORS 305.490(4)(a) was based on ORS 305.490(3)(a). *Ellison v. Dept. of Rev.*, 362 Or 148, 165, 404 P3d 933 (2017), *adh'd to as modified on recons*, 362 Or 527, 412 P3d 201 (2018). The Supreme Court's decision in *Ellison* provides crucial insight into the interpretation of ORS 305.490(4)(a).[7]

In *Ellison*, the Supreme Court analyzed whether this court had found in favor of the taxpayer for purposes of ORS 305.490(4)(a). Before this court, the taxpayer had failed to establish its assertion of real market value for the subject property *but had* succeeded in defending against the department's assertion of real market value. *Ellison v. Clackamas County Assessor*, 22 OTR 201, 206 (2015). However, taxpayer

---

[6] ORS 305.490(3)(a) provides:

"If, in any proceeding before the tax court judge involving taxes upon or measured by net income in which an individual taxpayer is a party, or involving inheritance or taxes, the court grants a refund claimed by the executor or taxpayer or denies in part or wholly an additional assessment of taxes claimed by the Department of Revenue to be due from the estate or taxpayer, the court may allow the taxpayer, in addition to costs and disbursements, the following:

"(A) Reasonable attorney fees for the proceeding under this subsection and for the prior proceeding in the matter, if any, before the magistrate; and

"(B) Reasonable expenses as determined by the court. Expenses include accountant fees and fees of other experts incurred by the executor or individual taxpayer in preparing for and conducting the proceeding before the tax court judge and the prior proceeding in the matter, if any, before the magistrate."

[7] The Supreme Court analyzed ORS 305.490(4)(a) as in effect on January 1, 2011. *Ellison*, 362 Or at 152 n 6. The provisions of ORS 305.490(4)(a) (2011) are identical to the provisions of ORS 305.490(4)(a) (2009).

in that case did not secure any affirmative relief, and the court simply defaulted to the BOPTA value. *Id.*

The department made two arguments before the Supreme Court. First, the department argued that, for purposes of ORS 305.490(4)(a), the term "in favor of" is equivalent in meaning to the term "prevailing party" used in other attorney fees statutes. Therefore, and second, the department argued that the court only finds "in favor of" a taxpayer for purposes of ORS 305.490(4)(a) when it does so on a taxpayer's affirmative claim for relief. *Ellison*, 362 Or at 164.

Although finding some support for the department's first argument,[8] the Supreme Court ultimately rejected the department's second argument because existing case law demonstrated that a court can make a prevailing party determination or rule in favor of a taxpayer on a successful defense to a claim or counterclaim. *Id.* at 164-65, quoting *Wilkes v. Zurlinden*, 328 Or 626, 984 P2d 261 (1999). The Supreme Court also reviewed the legislative history of ORS 305.490(4)(a) and determined that it was intended to operate essentially in parallel with ORS 305.490(3)(a), the statute providing for fees in income tax cases. *Id.* at 165. Both statutes allow the court to award attorney fees to a taxpayer for arguing for or against certain claims even if no affirmative relief was obtained by the taxpayer. *Id.* at 166. Accordingly, the court can and does award fees on a claim-by-claim basis, not an overall case basis.[9]

Although the Supreme Court did not hold that "in favor of" is equivalent to "prevailing party" for purposes of determining whether this court is authorized to award attorney fees, this court finds instructive the statutory guidance for prevailing party determinations in cases with multiple claims. That guidance is found in ORS 20.077, which provides, in relevant part:

---

[8] The Supreme Court also cautioned that it had previously questioned the argument that "in favor of" means "prevailing party." *Ellison*, 362 Or at 164 n 18.

[9] If attorney fees under ORS 305.490(4)(a) were to be awarded only to a party that prevailed in the overall case, no attorney fees could be awarded in *Ellison* because neither party prevailed on its claim for affirmative relief. The Supreme Court remanded that case back to this court to address a separate issue, but did not hold that attorney fees could not be awarded on remand.

"(1)   In any action or suit in which one or more claims are asserted for which an award of attorney fees is either authorized or required, the prevailing party on each claim shall be determined as provided in this section. The provisions of this section apply to all proceedings in the action or suit, including arbitration, trial and appeal.

"(2)   For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim. If more than one claim is made in an action or suit for which an award of attorney fees is either authorized or required, the court or arbitrator shall:

"(a)   Identify each party that prevails on a claim for which attorney fees could be awarded;

"(b)   Decide whether to award attorney fees on claims for which the court or arbitrator is authorized to award attorney fees, and the amount of the award;

"(c)   Decide the amount of the award of attorney fees on claims for which the court or arbitrator is required to award attorney fees; and

"(d)   Enter a judgment that complies with the requirements of ORS 18.038 and 18.042."

In harmony with the Supreme Court's opinion in *Ellison*, ORS 20.077 provides that a court must determine on a claim-by-claim basis whether an award of attorney fees is authorized or required. This is a strong basis upon which to determine that the legislature intended the term "proceeding" to be considered as to each claim for affirmative relief. If that is the intended meaning, the question arises: Why did the legislature use "proceeding" instead of "claim"? The answer relates to the unique stature of the Oregon Tax Court.

The Oregon Tax Court has two divisions, the Regular Division and the Magistrate Division. ORS 305.405; ORS 305.498. With few exceptions, parties must file a complaint first in the Magistrate Division, and can then appeal the decision of the magistrate to the Regular Division. ORS 305.501.

The term "proceeding" more accurately encapsulates the idea that a party might litigate its claim or claims

once in the Magistrate Division and again in the Regular Division. This concept also explains the distinction between a "proceeding" and a "matter" as used in ORS 305.490(4)(a). As explained previously by the court, "[T]here is one matter in the court, not one proceeding." *Allen v. Dept. of Rev.*, 17 OTR 427, 431 (2004) (emphases omitted).

Under the Supreme Court's opinion in *Ellison*, the foregoing context, and the treatment of attorney fees for multiple claims in ORS 20.077, the court tentatively concludes that the term "proceeding" in ORS 305.490(4)(a) refers to litigation of the substantive claim or claims (or defenses to the taxing authority's claim or claims) for which taxpayer is requesting attorney fees for litigation in either division of the court.

C.   *Legislative History*

To the extent that the legislative history addresses the issue in this case, it supports the court's tentative conclusion.[10] An analysis of the bill enacting ORS 305.490(3)(a) contained the following subject line: "Permits reimbursement of attorney fees of taxpayers on certain *claims*." Analysis of Proposed Legislation, 1971 HB 1002 (Mar 26, 1971) (emphasis added). Testimony in support of ORS 305.490(4)(a) discussed getting attorney fees for a "case." Testimony, Senate Committee on Judiciary, SB 130, Mar 7, 2001 (statement of Larry Tapanen).

At the very least, the legislative history confirms that ORS 305.490(4)(a) was not enacted with the intent to authorize the court to award attorney fees for prevailing on small procedural disputes within a case. That said, the court does not place significant emphasis on the legislative history because it is evident that the supporters of ORS 305.490(4)(a) did not envision the situation in this case. In addition, the text and context—the best indication of legislative intent—strongly supports a conclusion that the term "proceeding" refers to litigation of the claim (or defense to a claim) for which taxpayer is requesting attorney fees.

---

[10]   The court reviewed the legislative history of ORS 305.490(3)(a) and (4)(a). The tenor of the discussions was more general than the specific question raised in this case.

D.   *Concluding Analysis*

The court concludes that the term "proceeding" refers to litigation resolving a particular substantive claim (or defense to a claim). Recall that the court identified two questions that must be resolved. The first question is whether the remand dispute is a "proceeding" for purposes of ORS 305.490(4)(a). The remand dispute was a procedural matter concerning which claims were before the court. It is not a "proceeding" for purposes of ORS 305.490(4)(a).

The court turns now to the second question, which is whether the court is authorized to award attorney fees incurred by taxpayer litigating the remand dispute on the basis that the court found in favor of taxpayer on the merits of its MAV claim (which is a "proceeding" for purposes of ORS 305.490(4)(a)). The answer to this question is contained in ORS 305.490(4)(a)(A), which limits the court's authority to awarding "attorney fees *for the proceeding*" in which the court found in favor of taxpayer. (Emphasis added.) The remand dispute, as is relevant here, concerned the discrimination claims, not the MAV claim.[11] Accordingly, the court is not authorized to award taxpayer fees for litigating the remand dispute. Because the court is not authorized to award taxpayer attorney fees for the remand dispute, the court denies taxpayer's request.

## V.   CONCLUSION

The court is not authorized to award attorney fees incurred for litigating the dispute on the scope of remand regarding whether taxpayer's discrimination claims were

---

[11] That is not to say that an award of attorney fees can never include amounts arguably attributable to claims (or defenses to claims) upon which the requesting party did not prevail. It is established that where "there are common issues among the claims, it may not be necessary to apportion the fees between the claim on which the party succeeded and those on which the party did not." *Freedland v. Trebes*, 162 Or App 374, 378-79, 986 P2d 630 (1999) (citing *Estate of Wesley E. Smith v. Ware*, 307 Or 478, 480-82, 769 P2d 773 (1989)). "In that circumstance, the court might conclude that it would have taken roughly the same amount of time to litigate a case in which the successful claim was the sole claim as it took to litigate the case in which it was one among several claims * * *." *Id.*; *see also Fadel v. El-Tobgy*, 245 Or App 696, 709-10, 264 P3d 150 (2011). In this case, however, the issues addressed in the remand dispute do not relate to the MAV claim.

still before the court because the court did not find in favor of taxpayer on the merits of those claims. Now, therefore,

IT IS ORDERED that Plaintiff's request for attorney fees is denied.